2000 UT 65

**Christian Dan RICHARDSON and Jessica Richardson, By and Through their father and general guardian, Dan L. RICHARDSON, Plaintiffs and Appellants,**

v.

**NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION, a corporation; and Toyota Motor Sales U.S.A., Inc., a corporation, Defendants and Appellees.**

**No. 990253.**

Supreme Court of Utah.

Aug. 15, 2000.

Peter C. Collins, Kevin J. Kurumada, Salt Lake City, for plaintiffs.

Glenn C. Hanni, Kristin A. VanOrman, Dawn M. Call, H. James Clegg, Judith D. Wolferts, Salt Lake City, for defendants.

DURHAM, Justice:

¶ 1 Pursuant to rule 41 of the Utah Rules of Appellate Procedure, the United States Court of Appeals for the Tenth Circuit certified the following question to us for decision:

Under Utah law, may plaintiffs who have entered into a judicially approved settlement with multiple defendants after a trial in which a jury allocated 100% of fault among the parties pursuant to the Utah comparative fault scheme, Utah Code Ann. §§ 78–27–37 to –43,[1] maintain a subsequent tort action for the same injuries, arising out of the same transaction or occurrence, against additional known defendants who were not parties to the first action?

¶ 2 The question as framed is somewhat ambiguous in failing to emphasize that the first trial (with its jury allocation of fault) resulted not in a judgment, but in a settlement between the parties. With that point underscored, we answer the question in the affirmative for the reasons set forth below.

## BACKGROUND

¶ 3 On July 3, 1989, a 1978 Navistar International truck parked on the shoulder of Interstate 15 was struck in the rear by a 1978 Toyota Land Cruiser driven by Karen Andrews, the mother of Christian and Jessica Andrews ("plaintiffs"), after she swerved to avoid a vehicle that had veered into her lane. The hood of the Toyota slid under the Navistar truck and its windshield collided with the rear bed of the Navistar truck. As a result, Andrews and two other family members, who were passengers in the front seat of the Toyota, were killed. Plaintiffs, who were passengers in the rear compartment of the Toyota, were injured. Specifically, Christian Andrews suffered a permanent brain injury, and Jessica Andrews suffered broken bones, abrasions, and contusions.

¶ 4 Following the accident, the plaintiffs filed a negligence action in the Fourth Judicial District Court of Utah against (1) the owner, the driver, and the mechanic of the truck that swerved into Andrew's lane; (2) the driver and the owner of the Navistar truck; (3) the employer of the driver of the Navistar truck; and (4) the Utah Department of Transportation. Prior to trial, the plaintiffs settled with several of the defendants.

¶ 5 Pursuant to the trial court's order, the trial against the remaining defendants was bifurcated, i.e., the liability issues were to be tried first, and the damages issues were to be

1. This portion of the Code is referred to as the Liability Reform Act.

tried second. At the close of the liability phase of the trial, a special verdict form was submitted to the jury asking them to determine (1) whether any of the defendants originally named in the action were negligent; (2) if so, whether such negligence was a proximate cause of the accident; and (3) what percentage of the fault for causing the accident should be allocated to those defendants whose negligence proximately caused the accident. In addition, the special verdict form directed the jury that the percentages of fault allocated to the defendants determined to be proximate causes of the accident should total 100%.

¶ 6 The jury returned a verdict allocating 15% of the fault to the plaintiffs' mother, and the remaining 85% of the fault among the defendants originally named in the action who proximately caused the accident. The trial court issued an order and nonfinal judgment on the special verdict of the jury awarding a partial, nonfinal judgment in favor of the plaintiffs in the amount of 28% of the total amount of damages which was to be fixed by a jury at a later time. Following this order, the plaintiffs settled with the defendants against whom they had gone to trial, and the trial court dismissed the plaintiffs' action with prejudice. Thus, the issue of damages was never tried at the trial court, nor was a final judgment entered.

¶ 7 On August 15, 1995, the plaintiffs filed an action against Navistar International Transportation Corporation and Toyota Motor Sales U.S.A., Inc. ("defendants") in the United States District Court for the District of Utah. Based on theories of strict product liability and negligence, the plaintiffs sought to recover for injuries and/or enhanced and exacerbated injuries beyond, over, and above the injuries, if any, which they would have suffered from the July 3, 1989 motor vehicle collision in the absence of defendants' defective product and/or negligence. The defendants filed a motion for summary judgment asserting that the plaintiffs were collaterally estopped from seeking an allocation of fault since that issue had previously been litigated and fault totaling 100% had been allocated. The federal district court granted the defendants' motion for summary judgment and dismissed the case with prejudice. Plaintiffs filed a notice of appeal to the Tenth Circuit Court of Appeals. After full briefing and oral arguments, the Tenth Circuit Court of Appeals took the matter under advisement and certified the question at issue to this court.

## ANALYSIS

¶ 8 The phrasing of the question certified to us by the U.S. Court of Appeals has, we believe, obscured the factual context in which it arises and therefore caused some distortion in the arguments made to us. Although, as the question and the record reflect, there was a trial in Utah District Court in which a jury returned a verdict allocating "100% of fault among the parties," that verdict was never reduced to a final judgment. Instead, the state court proceedings were truncated by a settlement between the parties and dismissal of the case. Thus, the parties reached a settlement before the state court entered a judgment allocating fault pursuant to the Liability Reform Act, and the jury's verdict on allocation had no binding or preclusive effect on any party or court.

¶ 9 The case before the federal court is therefore simply one where the plaintiffs are pursuing other potential tortfeasors who were not parties to the settlement agreement with the defendants in the state case. Parties may of course settle with some defendants without jeopardizing their right to seek redress from others. Our judgment on the effect of fully litigated (i.e., to final judgment) claims against some but not all defendants under the Liability Reform Act in a case like this must await another day. We therefore answer the certified question in the affirmative, emphasizing again that we view the state case as having been settled, not litigated to judgment.

¶ 10 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURRANT, and Justice WILKINS concur in Justice DURHAM's opinion.