**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 14 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTIAN DAN RICHARDSON
and JESSICA RICHARDSON, by and
through their father and general
guardian, Dan L. Richardson,

      Plaintiffs - Appellants,

   v.

NAVISTAR INTERNATIONAL
TRANSPORTATION
CORPORATION, a corporation;
TOYOTA MOTOR SALES U.S.A.,
INC., a corporation,

      Defendants - Appellees.

TOYOTA MOTOR CORPORATION,
a corporation,

      Defendant.

No. 96-4085

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D. Ct. No. 95-CV-752-B)**

---

Peter C. Collins, Bugden, Collins & Morton, L.C., Salt Lake City, Utah,
appearing for Appellants.

Glenn C. Hanni (Kristin A. VanOrman, with him on the brief), Strong & Hanni,
Salt Lake City, Utah, appearing for Appellees Navistar International Corp.

Judith D. Wolferts (H. James Clegg, with her on the briefs), Snow, Christensen & Martineau, Salt Lake City, Utah, appearing for Appellees Toyota Motor Sales, USA.

---

Before **TACHA** and **LUCERO**, Circuit Judges, and **DANIEL**, District Judge.[*]

---

**TACHA**, Circuit Judge.

---

Plaintiffs appeal the district court's grant of summary judgment. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and reverse and remand.

## I. Background

On July 3, 1989, the Toyota Landcruiser in which plaintiffs Christian Dan Richardson and Jessica Richardson were riding crashed into a Navistar truck parked on the shoulder of Interstate 15 near Lindon, Utah, seriously injuring plaintiffs and killing their mother, stepfather, and half-sister. Plaintiffs brought a negligence action in Utah state court against various parties but did not include Navistar International Transportation Corp. ("Navistar") or Toyota Motor Sales U.S.A., Inc. ("Toyota") in that suit. In a bifurcated proceeding, the jury returned a special verdict allocating 100% of fault among the named defendants and the driver of the Landcruiser. The parties to that suit settled before the damages

---

[*]The Honorable Wiley Y. Daniel, District Judge for the United States District Court for the District of Colorado, sitting by designation.

stage of the trial, and, on October 26, 1992, the trial court entered a judgment of dismissal with prejudice in the state court action.

Plaintiffs filed the instant action against defendants Navistar and Toyota on August 14, 1995, in federal district court. The complaint asserted negligence and strict product liability claims. Defendants raised the defense of collateral estoppel and moved to dismiss the suit based on the fact that a jury had already allocated 100% of the fault in the prior state court proceeding, thereby precluding the Richardsons from relitigating the same claim against defendants. Plaintiffs argued that the fault of Navistar and Toyota and the issue of damages had not been previously litigated. Following oral argument on the motion, the district court, ruling from the bench, granted defendants' motion for summary judgment and entered a formal judgment on March 20, 1996. Plaintiffs appealed to this court.

This court, finding no clear answer in Utah law, certified to the Utah Supreme Court the following question:

> Under Utah law, may plaintiffs who have entered into a judicially approved settlement with multiple defendants after a trial in which a jury allocated 100% of the fault among the parties pursuant to the Utah comparative fault scheme, Utah Code Ann. §§ 78-27-37 to -43, maintain a subsequent tort action for the same injuries, arising out of the same transaction or occurrence, against additional known defendants who were not parties to the first action?

Richardson v. Navistar Int'l Transp. Corp., 170 F.3d 1264, 1264 (10th Cir. 1999).

The Utah Supreme Court answered the certified question in the affirmative, reasoning that the state action was truncated by settlement and had not been litigated to a final judgment. Richardson v. Navistar Int'l Transp. Corp. , 8 P.3d 263, 265 (Utah 2000).

## II. Discussion

We review the district court's grant of summary judgment de novo, applying the same legal standard as the district court. Bullington v. United Air Lines, Inc. , 186 F.3d 1301, 1313 (10th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The parties agree that neither Navistar nor Toyota were parties to the state action. The only issue on appeal, therefore, is the interpretation of Utah law with respect to the degree to which Navistar and Toyota, subsequent to the Richardson's first state action, are vulnerable to tort liability.

### A. Collateral Estoppel

Appellees argue that the Richardsons, because of the previous state action,

are collaterally estopped from bringing the present action. Under Utah law, a party is collaterally estopped from relitigating an issue if four elements are satisfied: (1) the issue decided in a prior adjudication must be identical with the one presented in the action in question, (2) there must be a final judgment on the merits, (3) the party against whom the plea is asserted must be a party or in privity with a party to the prior adjudication, and (4) the issue in the first case must have been competently, fully, and fairly litigated. Searle Bros. v. Searle, 588 P.2d 689, 691 (Utah 1978).

In response to this court's certified question, the Utah Supreme Court answered that the previous state action was not a final judgment on the merits because the previous state action was not reduced to a final judgment. Richardson, 8 P.3d at 265. Consequently, collateral estoppel does not bar the present action.

## B. The "One Action" Rule

Appellees also argue that Utah's comparative negligence law requires the allocation of all fault in one action. In light of the Utah Supreme Court's answer to our certified question, we need not address this issue.

Under the "law of the case" doctrine, "a court should not reopen issues decided in earlier stages of the same litigation." Agostini v. Felton, 521 U.S. 203,

236 (1997) (citing Messenger v. Anderson, 225 U.S. 436, 444 (1912)). "[T]he law of the case is a doctrine under which an appellate court will not reconsider a matter resolved on a prior appeal. The rule prevents questions already considered and decided once in the case from being reargued at every subsequent stage of the case." Hale v. Gibson, No. 99-6083, 2000 WL 1375305, at *27 n.13 (10th Cir. Sept. 25, 2000) (citation omitted). "Ordinarily, a state court's answer to a certified question is final," binding the parties and therefore becoming the law of the case. Hulin v. Fibreboard Corp., 178 F.3d 316, 333 (5th Cir. 1999).

Our certified question is broad enough on its face to include the applicability of a one action rule. Additionally, in their brief filed with the Utah Supreme Court, appellees presented two arguments relevant to this issue: (1) that the Utah Liability Reform Act mandates allocation of all fault in one action, and (2) that Utah case law supports a requirement that all fault be allocated in one action. The Utah Supreme Court did not reach these issues, deciding instead that because the Richardsons' state action had not been litigated to a final judgment, "the jury's verdict on allocation had no binding or preclusive effect on any party or court." Richardson, 8 P.3d at 265. The court stated further that this case is "simply one where the plaintiffs are pursuing other potential tortfeasors who were not parties to the settlement agreement with the defendants in the state case. Parties may of course settle with some defendants without jeopardizing their right

to seek redress from others." Id. Given the scope of our certified question and the arguments made by the parties before the Utah Supreme Court, this response precludes the application of the one action rule in the present case.

We find that the Utah Supreme Court has decided that the one action rule is inapplicable in this case because the state action was not reduced to a final judgment. Because the law of the case doctrine counsels against further appellate review, we will not reopen this issue.

For the foregoing reasons, we REVERSE the district court's summary judgment order and REMAND for further proceedings consistent with this opinion.