**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARK ROY COLLINS,

     Plaintiff-Appellant,

v.

STATE OF OKLAHOMA; WILLIAM C.
RILEY, Assistant District Attorney;
DARRELL DAWKINS, Detective; CITY
OF LAWTON, OKLAHOMA,

     Defendants-Appellees.

No. 06-6106

(D.C. No. CIV-05-0585-W)
(W. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

ordered submitted without oral argument.

Mark Roy Collins, an Oklahoma prisoner appearing pro se, appeals from the

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

district court's dismissal of his 42 U.S.C. § 1983 action. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I.

In 1996, Collins was charged by information in the District Court of Comanche County, Oklahoma, with sexual battery and other related crimes. Collins was subsequently convicted of the charged crimes and sentenced to twenty-five years' imprisonment. Collins unsuccessfully challenged his convictions on direct appeal, in a state post-conviction proceeding, and in a federal habeas proceeding.

On March 24, 2005, Collins filed a pro se § 1983 complaint against the State of Oklahoma, William Riley, an assistant district attorney in Lawton County, Oklahoma, and Darrel Dawkins, a detective from Lawton County. Collins' complaint attacked the validity of his state convictions, alleging, in part, that the criminal information filed against him was defective, that Riley, who prosecuted the case, engaged in "deceptive tactics," and that his counsel on direct appeal was ineffective. Further, the complaint specifically requested that his state convictions be "'overturned' and then 'vacated.'" ROA, Doc. 1 at 5.

Defendants moved to dismiss the complaint on various grounds. On January 31, 2006, the magistrate judge assigned to the case issued a report and recommendation recommending that the district court dismiss the action. Although the clerk's office mailed Collins a copy of the report and recommendation, the record on appeal indicates that Collins refused delivery of it. On February 24, 2006, the district court, having

received no objections from Collins to the report and recommendation, adopted it in full and dismissed without prejudice all of the claims asserted in Collins' complaint.

## II.

Applying a de novo standard of review, Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999), we have examined the record on appeal and agree with the district court that Collin's § 1983 suit is subject to dismissal on a number of grounds. Most notably, we agree that a judgment in Collin's favor on his § 1983 suit "would necessarily imply the invalidity of his [state] conviction[s] [and] sentence . . . ." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Thus, Supreme Court precedent requires that his complaint be dismissed until he "can demonstrate that the conviction[s] or sentence ha[ve] already been invalidated." Id. (applying rule in § 1983 suit seeking damages); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

The judgment of the district court is AFFIRMED. Collins' motion to pay the filing fee in partial payments is DENIED, and he is ordered to make immediate payment of the unpaid balance due.

Entered for the Court


Mary Beck Briscoe
Circuit Judge