FILED
United States Court of Appeals
Tenth Circuit

February 19, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARK ROY COLLINS,

       Plaintiff-Appellant,

v.

STATE OF OKLAHOMA; WILLIAM
C. RILEY, Assistant District Attorney;
DARRELL DAWKINS, Detective;
CITY OF LAWTON, OKLAHOMA,

       Defendants-Appellees.

No. 09-6167
(D.C. No. 5:05-CV-00585-W)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Mark Roy Collins, an Oklahoma prisoner appearing pro se, appeals from an order of the district court denying a postjudgment motion. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal as frivolous and assess one strike against Mr. Collins.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Collins was convicted of sexual battery and related crimes in 1996. He unsuccessfully challenged his conviction on direct appeal, in a state postconviction proceeding, and in a federal habeas proceeding. He then filed in the United States District Court for the Western District of Oklahoma a pro se complaint under 42 U.S.C. § 1983 seeking vacatur of his conviction. The district court dismissed all claims without prejudice as either barred by Eleventh Amendment immunity or seeking relief (vacatur of a state-court conviction) not available under § 1983. This court affirmed, *see Collins v. Oklahoma*, 200 F. App'x 827 (10th Cir. 2006), and the United States Supreme Court denied certiorari, *see Collins v. Oklahoma*, 549 U.S. 1215 (2007), and rehearing, *see Collins v. Oklahoma*, 549 U.S. 1363 (2007).

Mr. Collins then filed in the district court a "Motion for an Administrative Decision or Judgment" (Motion) in which he again challenged his conviction and sought immediate release from custody. The court denied the Motion because Mr. Collins had "advanced no grounds or authorities that warrant[ed] consideration of his request." R. at 241. The court also denied his motion to proceed on appeal *in forma pauperis* (IFP) because he had not complied with the procedural requirements of 28 U.S.C. § 1915(a)(2) or advanced a reasoned, nonfrivolous argument on the law and facts in support of his appeal.

Mr. Collins has appealed the denial of his Motion and applied to this court to proceed IFP. We construe the Motion as one filed under Rule 60(b) of the

Federal Rules of Civil Procedure, the denial of which we review for abuse of discretion. *See Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177 (10th Cir. 2005). Taking into account Mr. Collins's pro se status and the liberal reading to which his filings are entitled, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), we conclude that this appeal is barred by the law-of-the-case doctrine. Under that doctrine an appellate court will not "reconsider a matter resolved on a prior appeal," *Richardson ex rel. Richardson v. Navistar Int'l Transp. Corp.*, 231 F.3d 740, 743 (10th Cir. 2000) (internal quotation marks omitted), and a challenge to a legal decision will be barred if it could have been raised in a prior appeal but was not, *see Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1140 (10th Cir. 2009). We will depart from the law-of-the-case doctrine only "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." *Id.* (internal quotation marks omitted).

In his opening brief, Mr. Collins primarily argues (again) why his conviction should be vacated, and in his reply brief he summarily suggests that the district court erred in dismissing the claims against the State of Oklahoma as barred by Eleventh Amendment immunity. Because these issues were either resolved or not raised in the prior appeal, *see Collins*, 200 F. App'x at 828, they

are barred by the law-of-the-case doctrine. Furthermore, Mr. Collins has advanced no argument suggesting that any of the three exceptions to the doctrine apply, and we see no reason to apply any. In fact, he has advanced no reasoned argument that the district court abused its discretion in denying the Motion. We therefore conclude that this appeal is frivolous under 28 U.S.C. § 1915(e)(2)(B)(I). *See Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) ("An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit.") (internal quotation marks omitted).

Accordingly, we DISMISS this appeal and assess one strike under 28 U.S.C. § 1915(g). *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 781 (10th Cir. 1999). We remind Mr. Collins that if he accrues three strikes, he may no longer proceed IFP in any civil action or appeal filed in federal court unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because this appeal is frivolous, we deny Mr. Collins's motion to proceed IFP on appeal, *see United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005), and direct him to make immediate payment of the outstanding balance of the appellate filing fee. To the extent that his letter to the clerk of this court, filed September 9, 2009, can be construed as a motion requesting relief from this court regarding either the fact of his confinement or its conditions, it is denied.

Entered for the Court

Harris L Hartz
Circuit Judge