■ BHUPINDER GREWAL, Doing Business as UNITED SHIPPING SOLUTIONS, et al., Appellants, and SHERO SHIPPING, LLC, Doing Business as UNITED SHIPPING SOLUTIONS, et al., Intervenors-Appellants, v DHL EXPRESS (USA), INC., Respondent. [52 NYS3d 31]—

Amended judgment, Supreme Court, New York County (Eileen Bransten, J.), entered February 3, 2016, which brings up for review orders, same court and Justice, entered February 15, 2012, which denied plaintiffs' motion and plaintiffs-intervenors' cross motion for summary judgment, and entered September 30, 2015, which denied plaintiffs' and plaintiffs intervenors' motions pursuant to CPLR 4404 (a) to set aside the verdict and direct judgment as a matter of law or order a new trial, unanimously affirmed, without costs. Appeal from judgment, entered February 1, 2016, unanimously dismissed, without costs, as superseded by the appeal from the amended judgment.

Defendant, a global shipping company that sells its services to "resellers" that negotiate shipping rates with it and then resell the shipping services to their customers at higher rates, entered into a Reseller Agreement with USS Logistics (Logistics) in January 2003. Plaintiffs and plaintiffs intervenors (collectively plaintiffs) are franchisees of an affiliate of Logistics. They commenced this action against defendant alleging, inter alia, breach of contract after defendant discontinued domestic shipping service prior to the expiration of its reseller agreement with Logistics.

The sole issue on this appeal is whether plaintiffs are third-party beneficiaries of the reseller agreement between defendant and Logistics. The case was tried to a jury which returned a verdict determining that they were not. Plaintiffs argue that the relevant provision of an amendment to the reseller agreement was unambiguous, requiring a determination that they were third-party beneficiaries as a matter of law and because the language of the amendment was determinative, the jury's

conclusion otherwise was irrational. Other than arguing that the language of the amendment was determinative, they do not raise any argument regarding the evidence presented to the jury or the jury's interpretation of it.

Contrary to plaintiffs' contention, Supreme Court correctly concluded that the provision at issue was ambiguous on the issue of whether they were third-party beneficiaries of the reseller agreement. In any event, pursuant to California law, which governed the reseller agreement, "[i]n determining the meaning of a written contract allegedly made, in part, for the benefit of a third party, evidence of the circumstances and negotiations of the parties in making the contract is both relevant and admissible. And, in the absence of grounds for estoppel, the contracting parties should be allowed to testify as to their actual intention" (*Garcia v Truck Ins. Exch.*, 36 Cal 3d 426, 437, 682 P2d 1100, 1105 [1984] [citation and internal quotation marks omitted]; *see Spinks v Equity Residential Briarwood Apts.*, 171 Cal App 4th 1004, 1024, 90 Cal Rptr 3d 453, 469-470 [2009]). Accordingly, the issue was properly submitted to a jury for resolution based on the evidence offered at trial. Because plaintiffs do not raise any argument with regard to the evidence or the jury's interpretation of it, other than to argue that the language of the amendment was determinative, they are not entitled to a new trial.

Further, under Utah law, a jury verdict on the issue in a Utah action involving defendant and other franchisees, which settled and was dismissed with prejudice before the verdict was reduced to final judgment does not collaterally estop defendant (*Richardson ex rel. Richardson v Navistar Intl. Transp. Corp.*, 8 P3d 263, 265 [Utah 2000]; *see Bruno v Bruno*, 83 AD3d 165, 169 [1st Dept 2011], *lv denied* 18 NY3d 805 [2012]; *see also Peterson v Forkey*, 50 AD2d 774, 774-775 [1st Dept 1975]). Concur—Renwick, J.P., Mazzarelli, Manzanet-Daniels, Feinman and Webber, JJ.