D____ R____, on behalf of herself and all other persons similarly situated, Plaintiff-Appellant,

v.

Anthony MITCHELL et al., Defendants-Appellees.

No. 78–1675.

United States Court of Appeals, Tenth Circuit.

Argued Jan. 25, 1980.

Decided March 31, 1981.

David S. Dolowitz of Parsons, Behle & Latimer, Salt Lake City, Utah, for plaintiff-appellant and A.C.L.U.

Robert B. Hansen, Atty. Gen., Paul M. Tinker, Asst. Atty. Gen., State of Utah, Salt Lake City, Utah, for defendants-appellees.

Before SETH, Chief Judge, and LOGAN and SEYMOUR, Circuit Judges.

PER CURIAM.

Plaintiff was an unmarried pregnant female resident of Utah who received Aid to Families with Dependent Children (AFDC) and was therefore entitled to medical care provided pursuant to 42 U.S.C. § 1396 *et seq.* (Title XIX). Pursuant to the Title XIX Medicaid Assistance Program, participating states formulate plans for administering medical assistance, determine eligibility, and are reimbursed by the federal government. Under Utah law the state would "not provide any public assistance for medi-

cal, hospital or other medical expenditures or medical services to otherwise eligible persons where the purpose of such assistance is for the performance of an abortion, unless the life of the mother would be endangered if an abortion is not performed." Utah Code Ann. § 55–15a–3 (1979 Supp.).

Although plaintiff desired to obtain an abortion and her physician determined that it was appropriate medical treatment, failure to obtain an abortion would not have endangered her life. Plaintiff was denied admittance to a state hospital for an abortion because under the provisions of the Utah statute cited above the hospital would not be paid for the services rendered. In May 1977, plaintiff instituted this challenge to the Utah statute on behalf of herself and all others similarly situated, claiming that the statute denies equal protection, denies the right to privacy, and is invalid under the Supremacy Clause, U.S.Const. art. VI, cl. 2, because it does not comply with the relevant federal statutes.

■ The district court upheld the Utah statute on all three grounds. On appeal a panel of this court found the Utah statute in violation of the Fourteenth Amendment but did not reach the issue of whether it was invalid under the Supremacy Clause. The United States Supreme Court, —— U.S. ——, 101 S.Ct. 53, 66 L.Ed.2d 10, vacated the judgment and remanded the case for further consideration in light of *Harris v. McRae,* 448 U.S. 297, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980), and *Williams v. Zbaraz,* 448 U.S. 358, 100 S.Ct. 2694, 65 L.Ed.2d 831 (1980). Following the decisions in those cases, we must affirm the district court decision insofar as it holds that the Utah statute does not deny equal protection and due process.

Plaintiff nonetheless urges this court to hold the statute invalid under the Supremacy Clause on the ground that it establishes an eligibility restriction more stringent than that of Title XIX as amended by the Hyde Amendment.

The Utah law became effective in its present form in 1977. For fiscal 1977 the Hyde Amendment, an appropriation measure under which Congress prohibited the use of federal funds to reimburse the costs of certain medically necessary abortions, contained the same restriction found in the Utah law. Pub.L.No.94–439, § 209, 90 Stat. 1434 (1976). However for fiscal 1978 the Hyde Amendment was expanded to fund abortions for victims of rape and incest, as well as where "severe and long-lasting physical health damage to the mother would result if the pregnancy were carried to term ...." Pub.L.No.95–205, § 101, 91 Stat. 1460 (1977). The same provision was enacted for fiscal 1979. Pub.L.No.95–480, § 210, 92 Stat. 1586 (1978). The Hyde Amendment for fiscal year 1980 eliminated funding for abortions necessary to prevent severe and long-lasting physical health damage to the mother, but retained the rape and incest exceptions, as well as the one found in the Utah statute. Pub.L.No. 96–123, § 109, 93 Stat. 926 (1979). The most recent Hyde Amendment (for fiscal 1981) contains the same funding categories as did the one for fiscal 1980. Pub.L.No. 96–369, § 101(c), 94 Stat. 1352–53 (1980). However it adds the "Bauman Amendment," under which "the several States are and shall remain free not to fund abortions to the extent that they in their sole discretion deem appropriate." *Id.,* 94 Stat. at 1353. Although the inconsistency between the Utah law and the Hyde Amendment has been eliminated for fiscal 1981 by the Bauman Amendment, the Utah statute was more restrictive than the Hyde Amendment during fiscal years 1978, 1979, and 1980.

In *Williams v. Zbaraz,* 100 S.Ct. at 2698 & n.5, the Supreme Court expressly did not determine whether "a participating State may not, consistent with Title XIX, withhold funding for those medically necessary abortions for which federal reimbursement is available under the Hyde Amendment." *But see Roe v. Casey,* 623 F.2d 829 (3d Cir. 1980). *See also T. H. v. Jones,* 425 F.Supp. 873 (D.Utah 1975) (three judge panel), *aff'd mem.,* 425 U.S. 986, 96 S.Ct. 2195, 48 L.Ed.2d 811 (1976).

■ While conceding that she personally has no valid claim after *Harris* and *Williams,* plaintiff nevertheless contends she has standing to argue on behalf of a class that the Utah statute was impermissibly

stricter than the Hyde Amendment for the years identified above. We are compelled to disagree with plaintiff on the issue of standing. Although plaintiff instituted this suit as a class action, the trial court never properly certified the class. Near the conclusion of the opinion below, the court merely stated that "inasmuch as plaintiff instituted this action as a class action and defendants have not resisted the maintenance of the action as such, the action will be considered as a class action." *D——— R———* v. *Mitchell*, 456 F.Supp. 609, 626 (D.Utah 1978). Nowhere in the opinion or in any separate order is the class defined. Fed.R.Civ.P. 23(c)(3) specifically requires that the "judgment in an action maintained as a class action under subdivision (b)(1) or (b)(2), whether or not favorable to the class, shall include and describe those whom the court finds to be members of the class." Because the class was never properly identified by the district judge, there is no party before this court who can maintain the remaining constitutional challenge. *See Board of School Commissioners v. Jacobs*, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975) (per curiam).

Accordingly, the appeal must be dismissed.