FILED
United States Court of Appeals
Tenth Circuit

December 29, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICKY EUGENE CLARK,
individually and on behalf of all others
similarly situated,

Plaintiff-Appellant,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, an Illinois corporation,

Defendant-Appellee.

Nos. 07-1454 and 07-1466

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 00-cv-1841-LTB-KLM)**

Robert B. Carey, The Carey Law Firm, Colorado Springs, Colorado (Steve W.
Berman, Hagens Berman LLP, Seattle, Washington, L. Dan Rector, Franklin D.
Azar & Associates, P.C., Colorado Springs, Colorado, and Walter H. Sargent,
Walter H. Sargent, a professional corporation, Colorado Springs, Colorado, with
him on the briefs) for Appellant.

Michael S. McCarthy (Marie E. Williams with him on the brief), Faegre &
Benson LLP, Denver Colorado, for Appellee.

Before **HENRY**, Chief Judge, **MURPHY**, and **TYMKOVICH**, Circuit Judges.

**TYMKOVICH**, Circuit Judge.

In this appeal, we must determine whether a case may proceed as a class action even though the named plaintiff's claim became moot before he filed a motion for class certification. We conclude that the case may not proceed.

In August 2000, Ricky Eugene Clark filed a class action complaint in Colorado state court naming State Farm Mutual Automobile Insurance Company as the defendant. The complaint sought reformation of an automobile insurance contract and damages under various contract, tort, and statutory causes of action. The case was removed to federal court, spent nearly seven years in litigation, and was appealed to this court on several occasions. *See Clark v. State Farm Mut. Auto. Ins. Co.* (*Clark III*), 433 F.3d 703, 714 (10th Cir. 2005) *aff'g Clark v. State Farm Mut. Auto. Ins. Co.* (*Clark II*), 292 F. Supp. 2d 1252 (D. Colo. 2003); *Clark v. State Farm Mut. Auto. Ins. Co.* (*Clark I*), 319 F.3d 1234, 1241 (10th Cir. 2003).[1] On remand, the district court reached the merits of Clark's claims, determined he was entitled to judgment, set his damages, and entered judgment in his favor. Then, in 2007, two years after remand of the second appeal and the district court's merits determination, Clark filed a motion for class certification.

---

[1] Another appeal involved prospective intervenors whose intervention motion was denied by the district court. We dismissed that appeal as untimely. *See Clark v. State Farm Mut. Auto. Ins. Co.*, No. 07-1466 (10th Cir. Mar. 19, 2008) (unpublished).

The district court denied Clark's motion for class certification. The court also determined that because Clark no longer had any claim against State Farm—and no class had yet been certified—the entire case was moot.

Clark appeals, claiming the district court's conclusions were erroneous. Exercising jurisdiction under 28 U.S.C. § 1291, we agree with the district court that this case is moot and therefore AFFIRM.

## I. Background

Both this court and the district court have thoroughly discussed the facts of this case in previous published opinions. *See Clark III*, 433 F.3d at 706–09; *Clark II*, 292 F. Supp. 2d at 1254–58. We briefly summarize those facts here, and only offer a more thorough discussion of the procedural history as it relates to the issues presented in this appeal.

Clark, a pedestrian, was hit by a car in Pueblo, Colorado. State Farm insured the car's owner. Clark obtained benefits under the State Farm policy's Personal Injury Protection (PIP) coverage, but the amounts were limited to Colorado's statutory minimums by the policy's "Pedestrian Limitation."

After the settlement, in an unrelated case, the Colorado Court of Appeals held that Colorado law requires insurance companies to offer insureds the option of purchasing extended PIP coverage beyond statutory minimums. *See Brennan v. Farmers Alliance Mut. Ins. Co.*, 961 P.2d 550 (Colo. Ct. App. 1998). If an insurance company fails to offer the extended PIP coverage, the policy must be

reformed to include it. *Id.* at 554. Due to this change in Colorado insurance law, Clark filed suit in state court in 2000, claiming State Farm had not offered extended PIP coverage to the car owner in violation of *Brennan*, and Clark was therefore entitled to benefits above the statutory minimums. Among other legal theories, Clark alleged reformation of contract, breach of contract, and breach of good faith. In his complaint, Clark purported to represent a class of similarly situated plaintiffs.

State Farm removed the case to federal district court and subsequently filed a motion to dismiss Clark's complaint. The district court granted the motion, reasoning *Brennan* should not apply retroactively to the policy at issue. Clark appealed. We reversed and remanded, holding that *Brennan* applied retroactively under the circumstances of the case. *See Clark I*, 319 F.3d at 1241. We ordered the district court on remand to "decide as an initial matter the effective date of reformation" of the car owner's policy, taking into account the equitable nature of the relief. *Id.* at 1243. The effective date of reformation was important to the case because if the district court reformed the policy as of some prior date (i.e., if the district court imposed retroactive reformation), Clark's other claims, including breach of contract and breach of good faith, would remain. *See id.* at 1244. On the other hand, if the district court declined to impose retroactive reformation, Clark's other claims would fail.

-4-

On remand, State Farm filed a proposed case management order, requesting the district court to decide the date of reformation of the driver's policy before turning to class certification issues. State Farm acknowledged that the case "could be complete upon determination of the effective date of reformation" and that if the district court decided against retroactive reformation—thereby disposing of Clark's remaining claims—the court would have no need to address class certification. App. Vol. I at 256–57. After hearing oral argument, the district court adopted State Farm's proposed order, stating it would determine class certification issues only "if necessary," and only after holding an evidentiary hearing to establish the date of reformation of the policy. *Id*. at 260.

Prior to the proposed evidentiary hearing, Clark filed a motion urging the district court to reconsider its case management order. Clark argued that "reformation is in itself relief sought by the class, [and] determination of that issue . . . should be preceded by a class determination so that the entire class benefits from the court's action." App. Vol. II at 487. The district court denied the motion and proceeded with the hearing.

After the three-day hearing—during which the parties presented evidence and argument regarding the appropriate date of reformation—the district court determined that retroactive reformation was inappropriate. *See Clark II*, 292 F. Supp. 2d at 1268. The court awarded Clark damages up to the policy's aggregate limit of $200,000 and dismissed Clark's remaining claims. *Id.* at 1269. The court

also certified its order as final under Federal Rule of Civil Procedure 54(b), noting: "This Order resolves all claims between State Farm and Mr. Clark. However, Mr. Clark also seeks a class certification on behalf of all others similarly situated. . . . Resolution of the issues addressed here on appeal [will] inform [the class certification] analysis." *Id*. at 1270.

Clark and State Farm both appealed various aspects of the *Clark II* order. But Clark conspicuously chose not to appeal the district court's case management order, and he failed to raise the issue of whether the district court improperly disposed of his claims without first considering class certification. We affirmed the district court, although recognizing the need for "subsequent class certification proceedings." *Clark III*, 433 F.3d at 714.

The case returned once again to the district court. The court entered judgment for Clark, and in March 2006, State Farm paid the full amount of PIP benefits awarded to Clark, including post-judgment interest. A year later, on May 14, 2007, Clark moved for class certification. The same day, three parties moved to intervene as named plaintiffs, fearing Clark would be unable to serve as class representative because his claims had been fully adjudicated. The district court denied the motion to intervene, concluding the motion was untimely.[2]

---

[2] The proposed intervenors attempted to appeal the district court's denial of their motion to intervene at the same time Clark filed the instant appeal. We dismissed the intervenors' appeal, noting that the order denying the motion to

(continued...)

-6-

In September 2007, the district court denied class certification, finding that Clark had failed to satisfy the requirements of Federal Rule of Civil Procedure 23. The court also determined that the case had become moot, because "[a]fter accepting payment in full for the judgment entered in his favor, [Clark] no longer has a personal stake in the outcome of this litigation." App. Vol. XI at 2782. The court held that "[w]ithout a live, concrete controversy," it lacked jurisdiction to hear the case. *Id.*

## II.  Discussion

The central question posed by this appeal concerns our subject matter jurisdiction. We review this question de novo. *See, e.g.*, *Kan. Judicial Review v. Stout*, 519 F.3d 1107, 1115 n.9 (10th Cir. 2008).

### A.    Legal Framework

Article III of the Constitution limits the jurisdiction of federal courts to "live controversies that exist at *all* stages of litigation, including appellate review." *Mink v. Suthers*, 482 F.3d 1244, 1256 (10th Cir. 2007) (emphasis in original). We therefore lack power to hear moot claims, including those that have been "fully satisfied" by a monetary judgment. *Donald D. Forsht Assoc. v. Transamerica ICS, Inc.*, 821 F.2d 1556, 1559 (11th Cir. 1987); *see also Lewis v.*

---

[2](...continued)
intervene was immediately appealable and the intervenors' notice of appeal was filed eighty-eight days late. *See Clark v. State Farm Mut. Auto. Ins. Co.*, No. 07-1466 (10th Cir. Mar. 19, 2008) (unpublished).

*Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990) (parties must have a personal stake in the outcome of a lawsuit at all stages of litigation). Furthermore, "[a]s a general rule, a suit brought as a class action must be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has been properly certified." *Reed v. Heckler*, 756 F.2d 779, 785 (10th Cir. 1985).[3]

Nonetheless, the Supreme Court has applied the mootness doctrine less strictly in the class action context. In light of the relative independence of the class entity from any one party, the Court has recognized the more "flexible character of the Art. III mootness doctrine" in the class action context. *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 400 (1980). Thus, because a certified class becomes an independent juridical entity capable of satisfying the standing requirements of Article III, the mooting of a named plaintiff's claims *after* class

---

[3] *See also Bd. of School Comm'rs v. Jacobs*, 420 U.S. 128, 129 (1975) ("[A] case or controversy no longer exists between the named plaintiffs and the petitioners . . . . The case is therefore moot unless it was duly certified as a class action . . . ."); *Bertrand v. Maram*, 495 F.3d 452, 456 (7th Cir. 2007) ("[N]o class was certified, and neither side seeks review of that decision. [The plaintiff's] claim therefore must be dismissed as moot."); *Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 611 (8th Cir. 2003) ("[A] federal court should normally dismiss an action as moot when the named plaintiff settles its individual claim, and the district court has not certified a class."); *D.R. v. Mitchell*, 645 F.2d 852, 854 (10th Cir. 1981) ("Because the class was never properly identified by the district judge, there is no party before this court who can maintain the remaining constitutional challenge."); 5 Moore's Federal Practice, § 23.64[1][b] (Matthew Bender 3d ed. 2009); *cf. Adamson v. Bowen*, 855 F.2d 668, 674–75 (10th Cir. 1988) (a named plaintiff maintained a "personal stake" in a class action because his motion for attorney's fees was pending at the time the district court denied class certification).

-8-

certification does not moot the claims of the class. *See Franks v. Bowman Transp. Co.*, 424 U.S. 747, 755–56 (1976); *Sonsa v. Iowa*, 419 U.S. 393, 399 (1975). And also, if the named plaintiff's claim becomes moot during the pendency of an appeal challenging the district court's denial of class certification, the appellate court is not divested of jurisdiction. *Geraghty*, 445 U.S. at 404 & n.11. Nor is an appellate court divested of jurisdiction if a defendant offers full settlement of the named plaintiffs' claims, over their objections, after the district court denies class certification. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980).

The Supreme Court has also suggested two situations in which a class may be certified despite the mooting of the named plaintiff's claim *prior* to the district court's certification decision: (1) when the plaintiff's claim is "'capable of repetition, yet evading review,'" and (2) when the plaintiff's claim is "inherently transitory [such] that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *Geraghty*, 445 U.S. at 398–400 (quoting *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975)). We have previously applied the "capable of repetition, yet evading review" exception to mootness in the class action context, permitting a class action to proceed despite the potential mootness of the named plaintiffs' claims in a case involving conditions at a school for juvenile boys. *See Milonas v. Williams*, 691 F.2d 931, 937–38 (10th Cir. 1982).

Additionally, beyond the two exceptions endorsed by the Supreme Court, some courts have recognized another exception to the mootness doctrine in the class action context. In *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004), for example, the Third Circuit held that when the defendant makes a full offer of judgement—thereby mooting the named plaintiff's claims—at so early a point in the litigation that the named plaintiff could not have been expected to file a class certification motion, the class's claims are not moot and the case may proceed. *See id.* at 348. But where the plaintiff has had ample time to file the class certification motion, district courts adhere to the general rule that the mooting of a named plaintiff's claim prior to class certification moots the entire case. *See Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 565 (D. Minn. 2003)*; Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157, 159–61 (E.D.N.Y. 2003).

With this framework in mind, we turn to Clark's argument on appeal.

## B.    Application

Clark asks us to heed the "flexible" character of mootness, and fit this case into the framework adopted by the Third Circuit in *Weiss*. He claims the district court, sua sponte, "decided [his] individual claims and entered judgment in [his] favor." Aplt. Br. at 19. This, he argues, is no different than the situation in *Weiss*, where the defendant made a full offer of judgment early in the litigation, before the named plaintiff had a chance to file his motion for class certification.

-10-

Even if we were to adopt the *Weiss* rule—a question we do not decide—Clark's argument is flawed.

As an initial matter, it is inaccurate to characterize the district court's actions as sua sponte. Prior to entering its case management order, the district court entertained briefing and argument from the parties. After entering the order, Clark filed a motion for reconsideration, in which he argued that reformation should be decided on a class-wide basis. Given this sequence of events, the district court's case management order—and its adherence to that order—cannot be considered a sua sponte mooting of Clark's claims. *See* Black's Law Dictionary 1464 (8th ed. 2004) (defining "sua sponte" as "[w]ithout prompting or suggestion").

This point is not merely semantic. The procedural history of this case demonstrates that Clark was fully apprised of the ramifications of the case management order. The order expressly stated that the district court would only decide class certification issues "if necessary" after setting the reformation date of the automobile policy. App. Vol. I at 260. Yet despite the opportunity to do so during the *Clark III* appeal, Clark failed to challenge the order or notify this court of his concerns regarding the potential danger that the vindication of his claims posed to class-wide relief.

Clark asserts that any mootness concerns would be obviated if the district court reconsidered its denial of the motion to intervene, which was filed on the

-11-

same day Clark filed his motion to certify the class. But the intervenors—represented by the same attorneys who have represented Clark throughout this litigation—failed to timely appeal the denial of their motion. *See Clark v. State Farm Mut. Auto. Ins. Co.*, No. 07-1466 (10th Cir. Mar. 19, 2008) (unpublished). Moreover, the intervenors admitted in their memorandum in support of the motion to intervene that they were aware of the district court's decision to adopt State Farm's proposed case management order. Nevertheless, they waited to file their motion to intervene until long after the order was adopted, Clark's claims were adjudicated, and the *Clark III* appeal was heard and decided.

Because they were not challenged on appeal in *Clark III*, both the case management order and the district court's denial of the motion to intervene have now become the law of the case and are binding on the parties. "Under the law of the case doctrine, '[a] legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.'" *Weston v. Harmatz*, 335 F.3d 1247, 1255 (10th Cir. 2003) (quoting *Concrete Works of Colo., Inc. v. City and County of Denver*, 321 F.3d 950, 992 (10th Cir. 2003)). The law of the case doctrine is applicable as well to procedural decisions in class action cases. *See Weinman v. Fid. Capital Appreciation Fund* (*In re Integra Realty Resources, Inc.*), 354 F.3d 1246, 1262 (10th Cir. 2004) (applying the law

-12-

of the case doctrine to a district court's previous determination of the adequacy of a class representative); *Laffey v. Nw. Airlines, Inc.*, 740 F.2d 1071, 1091–92 (D.C. Cir. 1984) (applying law of the case to a district court's class definition, which the defendant failed to challenge in a prior appeal).

Nor do the circumstances suggest we may excuse the law of the case doctrine here. We depart from the doctrine only in three "exceptionally narrow circumstances: (1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." *In re Integra Realty Res., Inc.*, 354 F.3d at 1259 (quoting *United States v. LaHue*, 261 F.3d 993, 1010–11 (10th Cir. 2001)).

Here, there is no new evidence for us to consider, and the applicable law has not changed. Additionally, nothing in the record suggests the district court's case management order and denial of the motion to intervene were "clearly erroneous" and "work[ed] a manifest injustice." *See id.* The district court's scheduling decision was made in light of *Clark I*, in which we ordered the district court to "decide *as an initial matter* the effective date of reformation" of the automobile policy. *Clark I*, 319 F.3d at 1243 (emphasis added). Furthermore, district courts generally "have broad discretion to manage their dockets." *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (10th Cir. 2008).

-13-

As for the denial of the motion to intervene, nothing in the record suggests it was "manifestly unjust" for the district court to find the motion untimely, given the long delay in filing and the intervenor's awareness of the procedural posture of the litigation. *Cf. Plain v. Murphy Family Farms*, 296 F.3d 975, 980–81 (10th Cir. 2002) (refusing to review a motion to intervene when it could have been appealed at an earlier time); *see Lumbermens Mut. Cas. Co. v. Rhodes*, 403 F.2d 2, 5 (10th Cir. 1968) (district court did not abuse its discretion in finding motion to intervene untimely when the proposed intervenor waited four months until after judgment was entered to file the motion).

It may have been more prudent for the district court to decide the class certification issue earlier in the litigation. *See* Fed. R. Civ. P. 23(c)(1) (the district court must determine class certification at "an early practicable time" in the litigation); *see also Trevizo v. Adams*, 455 F.3d 1155, 1161 (10th Cir. 2006) (Rule 23 "places the onus on the court to make a [class certification] determination"). Clark, however, cannot cry foul this late in the litigation—especially when he was given ample opportunity to challenge any error of the district court in his previous appeal.

In sum, the posture of this case compels us to apply the general rule that "a suit brought as a class action must be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has been properly

-14-

certified." *Reed*, 756 F.2d at 785.  Because we decide this case on mootness grounds, we do not address the district court's decision to deny class certification.

### III.  Conclusion

For the foregoing reasons, we AFFIRM the district court.