**FILED**
United States Court of Appeals
Tenth Circuit

**July 28, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CYNTHIA DUDLEY-BARTON;
RICHARD ICE; RICHARD MASON;
DEANA MURPHY; SUSAN SCHMITZ,

     Plaintiffs-Appellees,

v.

SERVICE CORPORATION
INTERNATIONAL; SCI FUNERAL
AND CEMETERY PURCHASING
COOPERATIVE, INC.; SCI WESTERN
MARKET SUPPORT CENTER, LP, a/k/a
SCI Western Market Support Center, Inc.,

    Defendants-Appellants.

No. 11-1248

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 1:10-CV-03091-CMA-KLM)**

---

Submitted on the briefs:

Lonnie J. Williams, Jr., of Stinson Morrison Hecker LLP, Phoenix, Arizona, for
Defendants-Appellants.

David Lichtenstein, Denver, Colorado, for Plaintiffs-Appellees.

---

Before **BRISCOE,** Chief Judge, **EBEL** and **O'BRIEN**, Circuit Judges.

---

**BRISCOE**, Chief Judge.

Defendants Service Corporation International, SCI Funeral and Cemetery Purchasing Cooperative, Inc., and SCI Western Market Support Center, L.P. (collectively SCI) appeal the district court's grant of Plaintiffs' motion to remand their class action lawsuit to state court. We grant Plaintiffs' motion to dismiss, and dismiss this appeal as moot.[1]

## I

In this case, Plaintiffs filed a class action lawsuit against SCI, a large, multi-state funeral home operating company, based on its allegedly unlawful employment practices and policies. Plaintiffs sought to recover unpaid wages based on SCI's purported failure to compensate its employees for (1) time spent engaging in community work outside of regular employment hours; (2) time spent handling phone calls and other work-related issues after normal business hours; (3) time spent working through meal breaks; and (4) overtime hours worked. Aplt. Br., Ex. 10, at 2-3. In making these assertions, Plaintiffs brought four claims for violation of Colorado wage and labor laws, see Colo. Rev. Stat. Ann. § 8-6-116; Colo. Code Regs. § 1103-1 *et seq.*, as well as state law claims for breach of contract, fraud, unjust enrichment, breach of the implied covenant of good faith and fair dealing, conversion, and misrepresentation.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Shortly after Plaintiffs filed their complaint, SCI removed the case to federal court pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). Plaintiffs then filed a motion to remand. In April 2011, the district court granted Plaintiffs' motion to remand, concluding that SCI had not established that the amount in controversy exceeded the $5 million jurisdictional threshold required under 28 U.S.C. § 1332(d). Pursuant to 28 U.S.C. § 1453(c), SCI filed a timely petition in this court requesting leave to appeal the district court's remand order. On May 27, before we granted the petition, Plaintiffs filed in Colorado state court a notice voluntarily dismissing their claims against SCI without prejudice. The state court dismissed the case that same day. On May 31, we granted SCI's petition for leave to appeal. Two weeks later, on June 10, Plaintiffs filed a motion to dismiss SCI's appeal, claiming that the appeal is now moot.

## II

Plaintiffs rely on their voluntary dismissal filed pursuant to Rule 41(a) of the Colorado Rules of Civil Procedure to argue that SCI's appeal is moot and subject to dismissal. Rule 41(a) states that plaintiffs may dismiss an action "without order of [the] court upon payment of costs . . . [by] filing a notice of dismissal at any time before filing or service by the adverse party of an answer or of a motion for summary judgment." C.R.C.P. 41(a)(1)(A). Plaintiffs argue that because SCI has not filed an answer or a motion for summary judgment, their notice of dismissal automatically terminated this case. See Alpha Spacecom, Inc. v. Hu, 179 P.3d 62, 64 (Colo. App. 2007). SCI opposes Plaintiffs' motion to dismiss and argues that Plaintiffs may not moot its appeal by

3

dismissing their lawsuit in state court.

"Article III of the Constitution limits the jurisdiction of federal courts to live controversies that exist at *all* stages of litigation, including appellate review." Clark v. State Farm Mut. Auto. Ins. Co., 590 F.3d 1134, 1138 (10th Cir. 2009) (internal quotation marks omitted) (emphasis in original). This requirement serves the adversarial process by ensuring that cases involve "self-interested parties vigorously advocating opposing positions." Lucero v. Bureau of Collection Recovery, Inc., 639 F.3d 1239, 1242 (10th Cir. 2011) (internal quotation marks omitted). Accordingly, if the parties no longer advocate opposing positions, the case is moot and must be dismissed. Id.

We have not previously addressed whether the federal appeal of a remand order becomes moot following the plaintiff's voluntary dismissal of the case in state court. This is likely because remand orders are appealable only when a federal statute specifically permits the filing of an appeal, and those instances are rare. 28 U.S.C. § 1447(d); see also Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28 (1995). In the context of the present case, we conclude that when a plaintiff voluntarily dismisses its claims in state court, the pending federal appeal of the district court's order of remand filed pursuant to 28 U.S.C. § 1453(c) becomes moot. Because Plaintiffs have voluntarily dismissed their claims against SCI, there is no meaningful dispute remaining between the parties: SCI has no material interest in contesting the district court's remand order because Plaintiffs' lawsuit has now been dismissed. Further, since Plaintiffs no longer have outstanding claims against SCI, we cannot grant meaningful relief to SCI by

4

reviewing the district court's remand order.

Our decision is consistent with the federal remand statute. 28 U.S.C. § 1447(c) states that once a "copy of the order of remand [is] mailed . . . to the clerk of the State court[,] . . . the State court may thereupon proceed with such case." Under the clear language of the statute, the parties may continue the litigation in state court immediately upon the state court's receiving notice of the remand order. Further, neither § 1447(c) nor § 1453(c), which authorizes the appeal of remand orders in class action lawsuits, states that this rule does not apply, or that the jurisdiction of the state court is somehow stayed pending the outcome of a later-authorized appeal of the remand order. Accordingly, pursuant to the Article III mootness doctrine and in accordance with applicable federal statutes, we conclude that SCI's appeal became moot when Plaintiffs voluntarily dismissed their claims in Colorado state court.

We note that there exists an exception to the mootness doctrine as it pertains to class action lawsuits when class certification has not yet been granted. In rare circumstances, an uncertified class can later be certified even though the named plaintiffs' claims have become moot. Clark, 590 F.3d at 1139. This is proper when the named plaintiffs' claims (1) are "capable of repetition, yet evading review," or (2) are "inherently transitory [such] that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." Id. (internal quotation marks omitted). This rare exception does not apply here. SCI has not established, nor have we been able to ascertain, that Plaintiffs' claims are

5

capable of repetition, yet evading review, or that Plaintiffs' claims are inherently transitory.

## III

Plaintiffs' motion to dismiss is GRANTED and SCI's appeal is DISMISSED.