FILED
United States Court of Appeals
Tenth Circuit

May 14, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FRANKLIN C. SMITH,

    Petitioner - Appellant,

v.

JOE M. ALLBAUGH,

    Respondent - Appellee.

No. 18-6164
(D.C. No. 5:18-CV-00219-F)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

Applicant Franklin C. Smith seeks a certificate of appealability (COA) to appeal the order of the United States District Court for the Western District of Oklahoma denying his petition for relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal a final order in a habeas proceeding challenging a state-court detention). We conclude that the district court lacked jurisdiction over Smith's petition, deny a COA, and dismiss the appeal.

On April 6, 2016, Smith pleaded guilty in the District Court of Oklahoma County, Oklahoma to a misdemeanor charge of defrauding an innkeeper and was

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentenced to 16 days in the county jail with credit for time served. Smith later filed a motion to withdraw his plea, which the state district court denied. Smith completed his 16-day sentence and was released from custody on May 11, 2016. Nearly two years later, on March 12, 2018, Smith petitioned for relief from his state conviction under 28 U.S.C. § 2254, arguing that his guilty plea had been unlawfully procured. The district court dismissed the case for lack of jurisdiction and denied a COA. Proceeding pro se,[1] Smith now seeks a COA from this court.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the application was denied on procedural grounds, the applicant must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

A plain procedural bar is present in this case. Smith filed his § 2254 petition on March 12, 2018, nearly two years after he had completed serving his sentence for defrauding an innkeeper on May 11, 2016. To obtain relief under § 2254, however, "the applicant must be 'in custody' under the challenged judgment." *Anderson-Bey v. Zavaras*, 641 F.3d 445, 453 (10th Cir. 2011). This requirement is jurisdictional, *Mays*

---

[1] We liberally construe Smith's pro se filings, but it is not our role to act as his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

2

*v. Dinwiddie*, 590 F.3d 1136, 1139 (10th Cir. 2009), and the applicant must allege facts showing that he meets the requirement, *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994). Smith alleges no such facts. Instead, he focuses on ancillary statute-of-limitations issues and on the merits of his habeas petition.

Though Smith was incarcerated when he filed his habeas petition, the petition seemingly acknowledges that he was serving out an unrelated sentence. *See* ROA at 5 (listing as Smith's place of confinement "Virginia Beach City Jail" but clarifying that "the wrongful conviction . . . occurred in the Oklahoma County Jail"). And nothing in the record suggests that Smith was somehow still in custody for the defrauding-an-innkeeper conviction when he sought habeas relief. Smith completed his sentence for that conviction long before filing his petition, and an applicant "who has completely served his state sentence is not entitled to habeas relief under § 2254." *See Brown v. Warden*, 315 F.3d 1268, 1270 (10th Cir. 2003).[2]

In short, nothing in Smith's petition, his brief, or the record suggests that he was in custody for the defrauding-an-innkeeper conviction when he filed his § 2254 petition. Absent such evidence, no reasonable jurist could debate the district court's

---

[2] A habeas petitioner, of course, need not "show actual, physical custody to obtain relief." *Calhoun v. Attorney Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014). The custody requirement is also met if the petitioner is "subject to restraints not shared by the public generally that significantly confine and restrain freedom." *Mays*, 590 F.3d at 1139. But the restraints must relate to an "unexpired sentence." *See id.* So, for instance, prisoners released on parole or personal recognizance may seek habeas relief. *See Jones v. Cunningham*, 371 U.S. 236, 242–43 (1963). In this case, however, there is no dispute that Smith's sentence expired in May 2016. It follows that he couldn't have been in non-physical custody when he petitioned for habeas relief in March 2018.

ruling that it lacked jurisdiction to entertain Smith's petition. We therefore deny

Smith's application for a COA and dismiss the appeal.

Entered for the Court


Gregory A. Phillips
Circuit Judge