FILED
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 18, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ADAM STREGE,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 21-1311
(D.C. No. 1:20-CV-03084-LTB)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Adam Strege, proceeding pro se,[1] appeals the district court's orders on his

post-judgment filings, including an amended complaint and motions to appoint a case

manager to assist with electronic filing. Exercising jurisdiction under 28 U.S.C.

§ 1291, we dismiss the appeal as frivolous.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Strege's filings but "cannot take on the responsibility of serving as [his] attorney." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

In 2020, Mr. Strege filed a pro se complaint against the Commissioner of the Social Security Administration.  The district court dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), explaining that the complaint "describe[d] a fantastic or delusional scenario of the government swapping babies and putting human hearts in nuclear reactors" and that "[t]he nonsensical allegations do not support an arguable claim for relief, whether the claim is for false arrest, malicious prosecution, or review of a Social Security determination."  R., vol. 1 at 52 (internal quotation marks omitted).  The court also warned "that repetitive filings in this action may result in the imposition of sanctions, such as filing restrictions."  *Id.* at 53.  Mr. Strege then appealed, and we dismissed the appeal as frivolous, noting that he "present[ed] conclusory and fantastical assertions" and failed to "explain[] the basis of his underlying claims."  *Strege v. Comm'r*, 848 F. App'x 368, 370 (10th Cir. 2021).

After our mandate issued, Mr. Strege filed an amended complaint in district court, again raising fantastical and incoherent allegations.  In a minute order, the court explained it was taking no action on Mr. Strege's filing because the case had been dismissed with prejudice.  The court also repeated its warning regarding the potential for sanctions.  Undeterred, Mr. Strege filed two motions to appoint a case manager and a motion seeking assistance with electronic filing.  Echoing its prior order, the court denied the motions because the case had been dismissed and reiterated its warning regarding possible sanctions.  Mr. Strege appealed.

2

"[D]istrict courts generally have broad discretion to manage their dockets." *Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1140 (10th Cir. 2009) (internal quotation marks omitted).  However, as with his prior appeal, Mr. Strege's brief contains only unintelligible ramblings.  He offers no coherent argument, let alone one that "explain[s] what was wrong with the reasoning that the district court relied on in reaching its decision." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015).  Accordingly, because "it lacks an arguable basis in either law or fact," Mr. Strege's appeal is frivolous.  *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002).

We therefore dismiss the appeal as frivolous.  28 U.S.C. § 1915(e)(2)(b)(i).  We also deny his motion for a resolution of his appeal as moot.  We warn Mr. Strege that he could be subject to filing restrictions in this court if he submits further frivolous filings.  *See Ford v. Pryor*, 552 F.3d 1174, 1181 (10th Cir. 2008); *Andrews v. Heaton*, 483 F.3d 1070, 1078 (10th Cir. 2007).  And we deny his motion to proceed without prepayment of costs or fees due to the lack of "a reasoned, nonfrivolous argument." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).  We remind Mr. Strege that he remains obligated to pay the full filing fee.

Entered for the Court

Gregory A. Phillips
Circuit Judge

3