**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**October 15, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

AUSTIN ROGER CARTER,

     Plaintiff - Appellant,

v.

GENESIS ALKALI LLC; GENESIS
ENERGY LP; CODY J. PARKER;
KRISTEN O. JESULAITUS; TERRY
HARDING,

     Defendants - Appellees.

No. 23-8079
(D.C. No. 2:20-CV-00216-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **ROSSMAN**, Circuit Judges.
_____

Plaintiff Austin Roger Carter filed a pro se lawsuit asserting various

whistleblower and employment-related claims against Genesis Alkali LLC, Genesis

Energy LP, and three individual defendants (collectively, "Defendants"). Under

Rule 41(b) of the Federal Rules of Civil Procedure, the district court dismissed

Mr. Carter's lawsuit as a sanction for his failure to prosecute the case or comply with

_____

   * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the court's orders. Mr. Carter timely appealed. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

## I. Background

Mr. Carter sued in November 2020. Defendants filed motions to dismiss which

the district court granted in part, leaving only a claim under the Sarbanes-Oxley Act.

Mr. Carter then moved to disqualify defense counsel. After the district court denied

his motion and his later motion to reconsider, Mr. Carter appealed. This court

dismissed for lack of appellate jurisdiction,[1] and Mr. Carter filed a petition for writ of

certiorari with the Supreme Court.

After an initial conference on February 9, 2022, the magistrate judge issued a

scheduling order. Mr. Carter did not abide by that order, however. He did not serve

initial disclosures by the required deadline and failed to respond to discovery

requests Defendants had served on him. He also did not respond to Defendants'

repeated requests to address discovery issues.

In July 2022, the magistrate judge set an informal discovery conference to

address Mr. Carter's failure to engage in the discovery process. Mr. Carter did not

appear for the conference and instead moved to vacate the hearing and stay

proceedings pending his petition for certiorari. The magistrate judge reset the

---

[1] Mr. Carter filed two other interlocutory appeals and an original proceeding with this court during the litigation, all of which were dismissed or denied. He attempts to challenge those rulings by way of his current appeal, but he can only appeal from orders of the district court. *See* 8 U.S.C. § 1291. Although he could have petitioned for rehearing on any of our previous rulings, *see* Fed. R. App. P. 40, he did not do so.

conference for August 1, 2022, but Mr. Carter again failed to appear. The magistrate judge yet again reset the conference to August 22, 2022, and denied Mr. Carter's motion for stay. Mr. Carter failed to appear at the August 22 conference and then moved to disqualify the magistrate judge and district court judge. That motion was denied.

Defendants then moved for an order to show cause why the case should not be dismissed for failure to prosecute. The magistrate judge held a hearing on the motion on February 23, 2023, and subsequently issued an order granting the motion in part by imposing sanctions in the form of Defendants' reasonable costs and fees. The order warned Mr. Carter "that any future delays, failures to participate in the litigation of this action, failures to participate in discovery, or meet a Court imposed deadline will likely result in the dismissal of the action." Supp. App. vol.3 at 125-26. The order also set a status conference to address a new scheduling order.

At the status conference, the magistrate judge entered a new scheduling order with a discovery deadline of October 20, 2023. The order required Defendants to serve Mr. Carter with their written discovery responses and document production by June 5, 2023. Defendants complied, and Mr. Carter responded by requesting permission from the court to file motions to compel and for sanctions. He identified no objectionable discovery responses but accused Defendants and their counsel of hacking his personal email account. Defendants' counsel attempted to confer with Mr. Carter about the allegations, but he did not respond. Instead, he filed motions for injunctive relief and sanctions. Defendants responded by renewing their motion for

sanctions in the form of dismissal, arguing Mr. Carter's motions attempted to delay the litigation.

While the parties briefed their competing motions, Defendants contacted Mr. Carter about setting his deposition, given the approaching discovery deadline. He declined to confer. To preserve their right to depose Mr. Carter before the discovery deadline, Defendants noticed his deposition for October 18, 2023. In response, Mr. Carter filed a "Notice of Falsification," in which he called Defendants' counsel "dolts," "liars and cheats." Supp. App. vol. 3 at 142. He further indicated he would not attend his deposition, but he did not seek a protective order excusing his attendance.

On November 1, 2023, the district court granted Defendants' renewed motion and dismissed Mr. Carter's lawsuit "as a sanction for Plaintiff's many and continued failures and refusals to prosecute this case and comply with the rules of procedure and court orders." R. at 476. The court also denied as moot Mr. Carter's competing motions for injunctive relief and sanctions.

## II.  Discussion

### A.  Dismissal Under Rule 41(b)

Mr. Carter argues the district court erred in dismissing his lawsuit.[2] He focuses on Defendants' alleged litigation misconduct and contends the dismissal of his case

---

[2] We liberally construe Mr. Carter's pro se filings, but we do not act as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

violates his constitutional rights. He does not, however, identify the case law governing dismissal as a sanction, nor does he acknowledge that we review the dismissal for an abuse of discretion, *see Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Our review indicates that no abuse of discretion occurred here.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A district court should ordinarily consider the following non-exhaustive list of factors in determining whether to dismiss an action under Rule 41(b):

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (ellipses, citations, and internal quotation marks omitted).

Here, the district court carefully considered these factors and concluded each supported dismissal. First, Mr. Carter's failure to participate in discovery and to attend hearings caused both the court and Defendants the needless expenditure of time and, in the case of Defendants, money. Second, Mr. Carter interfered with the judicial process by failing to attend multiple hearings, failing to engage with defense counsel's efforts to confer on discovery matters, and refusing to make himself available for a deposition. Third, the record reveals no justifiable excuse for Mr. Carter's litigation conduct. Fourth, the magistrate judge had imposed sanctions in

the form of an award of fees and costs and warned Mr. Carter that future delays and failures to participate in the litigation would likely result in the dismissal of the action. Although Mr. Carter asserts the judges "grossly misrepresented the history of the case," Opening Br. at 29, we disagree. The district court acted within its discretion in dismissing Mr. Carter's claims as a sanction for his litigation misconduct.

### B. Motion to Disqualify Judges

Mr. Carter argues the district court erred in denying his motion to disqualify the district court judge and magistrate judge. The denial of such a motion is reviewed for an abuse of discretion. *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987) (per curiam). Mr. Carter points to adverse rulings and alleged *ex parte* communications between the judges and defense counsel. But as the district court correctly observed, "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" Supp. App. vol. 2 at 177 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). And the alleged *ex parte* communications resulted from Mr. Carter's refusal to attend court proceedings, which were conducted on the record and in the presence of a court reporter.

Mr. Carter also says the judges should have recused because former Governor Dave Freudenthal is legal counsel to a Genesis Alkali entity, and both judges have past professional connections to him. Mr. Carter also noted the three of them attended the same bar conference in 2017. But Governor Freudenthal is not counsel

of record in this case, so we need not engage with this argument further. In short, the district court did not abuse its discretion in denying the motion to disqualify.

### C.  Denial of Mr. Carter's Motions for Injunctive Relief and Sanctions

Mr. Carter argues the district court erred in denying as moot his motions for injunctive relief and sanctions.[3] Essentially, he insists the district court should have ruled on his motions *before* granting Defendants' motion for sanctions and dismissing the case. "[D]istrict courts generally have broad discretion to manage their dockets." *See Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1140 (10th Cir. 2009) (internal quotation marks omitted)). We discern no error in the district court's management of its docket.

### D.  Denial of Motion for Stay

Mr. Carter argues the district court erred in declining to stay the proceedings until resolving his interlocutory appeal of the denial of his motion to disqualify opposing counsel. We review this issue for abuse of discretion. *See Ben Ezra, Weinstein, & Co. v. Am. Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000). A stay is not a matter of right. *Nken v. Holder*, 556 U.S. 418, 433 (2009). Instead, the movant must establish, among other things, that he "has made a strong showing that he is likely to succeed on the merits." *Id.* at 434 (internal quotation marks omitted). Mr. Carter does not address the legal standard for obtaining a stay, and we discern no

---

[3] Notably, the district court also mooted the imposition of fees and costs in light of the ultimate sanction of dismissal.

7

error in the district court's conclusion that he had not carried his burden of establishing a likelihood of success on the merits.

Mr. Carter also seems to contend that his interlocutory appeal should have automatically stayed all proceedings in the district court. To the extent he is invoking the principle that filing a notice of appeal divests the district court of jurisdiction, *see Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), that principle has no application here because the Tenth Circuit dismissed his appeal for lack of jurisdiction. *See Century Laminating, Ltd. v. Montgomery*, 595 F.2d 563, 567 (10th Cir. 1979) ("An attempt to appeal a non-final decision remains just that, an attempt. It is a nullity and does not divest the trial court of its jurisdiction."). !

### III. Conclusion

We affirm the judgment of the district court.

Entered for the Court

Veronica S. Rossman
Circuit Judge