**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 8, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

TYEASHIA M. BLACKBURN; LEZLIE
E. FREEMAN,

    Plaintiffs - Appellants,

v.

KELLY WEBB; RENT KING, LLC,

    Defendants - Appellees.

No. 24-6206
(D.C. No. 5:23-CV-00379-R)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT*
_____

Before **McHUGH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Tyeashia Blackburn and Lezlie Freeman sued Kelly Webb and Rent King,

LLC alleging racial discrimination and retaliation under the Fair Housing Act, 42

U.S.C. § 3604.  The district court dismissed the case with prejudice.  Blackburn and

Freeman now appeal.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

Blackburn filed a complaint against Appellees in the United States District Court for the Western District of Oklahoma. The initial complaint included plaintiffs who had not signed the complaint, so the district court ordered Blackburn to file an amended complaint signed by all plaintiffs. Blackburn and Freeman timely filed a signed amended complaint.

Appellees moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion but permitted Blackburn and Freeman to file a proper, timely motion for leave to amend. Blackburn and Freeman then filed their second amended complaint without seeking leave to amend. Appellees again moved for dismissal, this time in part based on Blackburn and Freeman's failure to comply with the court's order, in violation of Federal Rule of Civil Procedure 41(b). The district court ultimately denied Appellees' Rule 41(b) motion, but expressly warned Blackburn and Freeman that it would "be less willing to forgive procedural failures if they continue[d] to occur." R. at 323 n.4.

Blackburn and Freeman timely provided their initial disclosures but failed to include any computation of damages. Later, they sent unverified, untimely responses to Appellees' discovery requests, explaining that they had issues with email correspondence and file size. Appellees' counsel offered to pick up the files if they were saved to a thumb drive. When Blackburn and Freeman did not respond, Appellees' counsel offered to send a Dropbox link for them to upload the files.

2

After Blackburn and Freeman again failed to respond, Appellees moved for dismissal under Federal Rules of Civil Procedure 16(f), 37(b)(2)(A), and 41(b). With their response brief, Blackburn and Freeman filed an untimely final witness list, an untimely final exhibit list, and an untimely motion for summary judgment. Citing Blackburn and Freeman's pattern of delay and noncompliance with procedural rules, the district court granted Appellees' motion and dismissed the case with prejudice. It denied as moot Blackburn and Freeman's motion for summary judgment. Blackburn and Freeman now appeal, arguing the district court erred in dismissing their lawsuit.[1]

## II. DISCUSSION

### A. Dismissal

The Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failure to obey a pretrial or scheduling order, *see* Fed. R. Civ. P. 16(f)(1)(C), for failure to cooperate with discovery, *see* Fed. R. Civ. P. 37(b)(2)(A), and for failure to comply with court rules or a court order, *see* Fed. R. Civ. P. 41(b). We review the district court's imposition of sanctions, including dismissal, for an abuse of discretion. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Id.* at 918.

---

[1] We liberally construe Blackburn and Freeman's pro se filings, but we do not act as their advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

3

Before imposing dismissal as a sanction, a district court should ordinarily evaluate the following factors on the record: "(1) the degree of actual prejudice to the [opposing party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (ellipsis, citations, and internal quotation marks omitted).

In this case, the district court carefully considered these factors and concluded each supported dismissal. First, Blackburn and Freeman's failure to participate in discovery and comply with the Federal Rules of Civil Procedure prevented the Appellees from effectively trying the case. Second, Blackburn and Freeman interfered with the judicial process by burdening the court's docket with multiple unauthorized and untimely filings and causing numerous delays. Third, Blackburn and Freeman "both knew of their responsibilities to follow procedural rules and proved that they had the capacity to follow said rules, yet critically failed to do so at multiple turns." R. at 495–96. Fourth, when it denied Appellees' first motion to dismiss under Rule 41(b), the district court warned Blackburn and Freeman that further procedural failures could result in harsh sanctions. Finally, the district court concluded that, given the circumstances, the only other reasonable sanction would be preventing Blackburn and Freeman from presenting witnesses or exhibits at trial, which would be tantamount to dismissal in any event.

4

The district court did not err in applying the *Ehrenhaus* factors, and under the circumstances of this case, the court acted within its discretion to dismiss Blackburn and Freeman's lawsuit as a sanction for their litigation misconduct.

## B.  New Argument

For the first time on appeal, Blackburn and Freeman argue that the district court should have afforded them reasonable accommodations under the Americans with Disabilities Act (ADA) because they have disabilities that impact their "capacity to meet various procedural requirements, particularly during periods when their health conditions worsen."  Opening Br. at 5.  However, as Appellees correctly point out, Blackburn and Freeman never requested ADA accommodations before the district court, and they also never asked for a continuance or an extension of time to comply with any of their obligations under the rules or the scheduling order.

Blackburn and Freeman forfeited this argument because they failed to raise it before the district court.  *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011) (explaining that if a litigant fails to raise a legal theory in the district court, "we usually hold it forfeited").  And "we will reverse a district court's judgment on the basis of a forfeited theory only if failing to do so would entrench a plainly erroneous result."  *Id.*  Blackburn and Freeman have not argued for plain-error review, so we decline to consider their ADA-accommodations argument.

## C.  Summary Judgment Denial

Blackburn and Freeman argue the district court erred in denying as moot their untimely motion for summary judgment.  They argue that the district court should

5

have ruled on their motion before granting Appellees' motion and dismissing the case. "[D]istrict courts generally have broad discretion to manage their dockets." *See Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1140 (10th Cir. 2009) (internal quotation marks omitted). We discern no abuse of discretion in the district court's management of its docket.

### III.  CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Bobby R. Baldock
Circuit Judge