**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRANDON CAMPBELL, et al.,

  Plaintiffs - Appellees,

v.

VITRAN EXPRESS, INC.,

  Defendant - Appellant.

No. 12-55052

D.C. No. 2:11-cv-05029-RGK-SH

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 14, 2012
Pasadena, California

Before: PREGERSON and BEA, Circuit Judges, and PRATT, Chief District
Judge.[**]

  Defendant-Appellant Vitran Express ("Vitran"), a North American shipping

firm, appeals the district court's order remanding this case to California state court

---

  [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]    The Honorable Robert W. Pratt, District Judge for the U.S. District
Court for Southern Iowa, sitting by designation.

for lack of jurisdiction under the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1453. The issue in this case is whether there is more than $5 million in controversy. That such an amount, or more, be in controversy is a requirement to invoke the district court's jurisdiction under CAFA. 28 U.S.C. § 1332(d).

We review the district court's remand order *de novo*. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 997 n.3 (9th Cir. 2007). We reverse and remand.

The complaint alleges that the amount in controversy is less than $5 million. Therefore, to be able to remove the case to federal district court court, Vitran has the burden of proving that the amount in controversy actually exceeds $5 million "by a legal certainty." *Lowdermilk*, 479 F.3d at 997. Under this standard, Vitran must show that it is "legally certain" that the amount in controversy exceeds $5 million, assuming the truth of the allegations in the complaint. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The standard "legal certainty" is not clearly defined. We have held that it does <u>not</u> mean the defendant must prove the plaintiff's case; rather, the defendant must produce enough evidence to allow a court "to *estimate* with certainty the actual amount in controversy." *Lowdermilk*, 479 F.3d at 1001 (emphasis added).

2

We note that the attorneys for the Plaintiffs have not represented that the amount they are currently seeking is less than $5 million. That distinguishes this case from *Lowdermilk*. *See Lowdermilk*, 479 F.3d at 1003 (9th Cir. 2007) ("Plaintiff's counsel repeatedly stated at oral argument that the sum total of damages plaintiffs are currently seeking—including attorneys' fees and costs—does not exceed $5,000,000. Plaintiff might reasonably have claimed more, but absent evidence of bad faith, we are obliged to honor that representation."). Indeed, Plaintiffs tacitly admitted that they will seek more that $5 million at trial, and refused to stipulate to a lower amount at oral argument. While *Lowdermilk* clearly supports the proposition that a party "may sue for less than" $5 million and may "forgo a potentially larger recover to remain in state court," *see* 479 F.3d at 999, we see nothing in *Lowdermilk* that supports the proposition that a party may avoid federal court by pleading that he is seeking less than $5 million in the complaint, but refusing to support that pleading with any sort of judicially binding admission—which tells us he is actually seeking more than $5 million.[1]

---

[1]    What type of proof suffices to satisfy the legal certainty test is not clear: The legal certainty test originated in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) (holding that when a complaint filed pleads more than the jurisdictional amount required for federal jurisdiction, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" and that "[i]t must appear to a legal certainty that the claim is really for less than the

(continued...)

In determining the amount in controversy, we consider not only the facts alleged in the complaint—which are to be taken as true for purposes of calculating the amount in controversy—but also "summary judgment type evidence relevant to the amount in controversy at the time of removal." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In other words, in assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

---

[1](...continued)
jurisdictional amount to justify dismissal"). This test has now been inverted in the CAFA context, at least in this circuit. Instead of the party seeking to avoid federal court jurisdiction being required to prove to a legal certainty that the amount in controversy is less than the required amount, now a defendant seeking to remove a CAFA case must prove to a legal certainty the amount in controversy exceeds the $5 million jurisdictional limit. In the days of the *St. Paul Mercury* decision, plaintiffs could sue for less by stating an amount claimed. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) ("At common law, a statement of the amount claimed was required, and was an upper limit on recovery.") (citation omitted). In most jurisdictions, however, the common law rule no longer prevails and the *ad damnum* clause does not set forth an upper limit on recovery.").

4

Vitran removed this case to federal court on the basis of the complaint, depositions from the two named class representatives, Campbell and Maldonado, and a declaration from Vitran's Vice President of Human Resources and Safety, Kuska.

Plaintiffs are California residents and former employees of Vitran who worked as city and local truck drivers. Vitran is in the business of transporting and delivering merchandise in its trucks. Plaintiffs allege that Vitran failed to provide its city and local truck drivers with their state-law required meal and rest breaks, wages and benefits, accurate wage statements, and accurate payroll records.

The complaint alleges violations of California Labor Code §§ 201, 202, 204, 226(a), 226.7, 512(a), and 1174(d), as well as California Business and Professions Code § 17200. The complaint also seeks damages under California's Private Attorney General Act ("PAGA").

The proposed class includes "[a]ll current and former 'City Drivers' or 'Local Drivers' and employees in similar job titles, who worked for [Vitran] within the State of California that [*sic*] were not paid premium wages for working through rest and meal breaks at any time during the period of four years before the filing of this Complaint to final judgment."

5

The parties agreed there were at least 156 specified class members, and that the relevant time period for calculation of damages was the four years preceding the filing of the complaint.

Vitran calculated the damages of the class as a whole in two alternate ways: For the first calculation, Vitran totaled the time period each of the agreed 156 class members was employed with Vitran during the four years preceding the filing of the complaint (including Campbell and Maldonado). It then calculated each person's damages as if he had not been given *any* meal or rest breaks every day during that time. For a second, more conservative, calculation, Vitran again looked at the time period each of the agreed 156 class members was employed with Vitran during the four years preceding the filing of the complaint. It then calculated each person's damages as if he had missed only one meal and one rest break each week. Under either calculation, the damages plus attorney's fees, came to more than $5 million. Plaintiffs do not dispute Defendant's calculations of damages. They dispute only Defendant's assumption that each claimant missed at least one rest break and one meal break per week, but Plaintiffs offer no evidence class members missed meal and rest breaks than assumed in the Defendant's calculations

To the contrary, the complaint makes the following relevant allegations: The relevant time period for the purported class is "four years before" the filing of

6

the complaint; Vitran "regularly and consistently failed to provide uninterrupted meal and rest periods to Plaintiffs and the other class members"; Vitran "regularly and consistently failed to provide complete and accurate wage statements to Plaintiffs and the other class members"; Vitran "regularly and consistently failed to pay Plaintiffs and the other class members all wages owed to them upon discharge or resignation"; Vitran "routinely interrupted and/or failed to permit, authorize and/or provide Plaintiffs' and class members' meal breaks"; Vitran "routinely interrupted and/or failed to permit, authorize and/or provide Plaintiffs' and class members' rest breaks; and Vitran's alleged violations implicate the Private Attorney General Act ("PAGA") penalties. The prayer for relief states no limit on the relief sought, and instead seeks "all actual, consequential, and incidental losses" as well as for "such other and further relief as the court may deem just and proper" including attorneys fees. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Lowdermilk*, 479 F.3d at 1000.

In addition, the class representatives, Campbell and Maldonado, each testified in their depositions that they were "never" allowed to take meal or rest breaks. Additionally they both testified in their depositions that all the other

7

employees they knew complained about not getting to take *any* meal or rest breaks. Finally, they testified that no employees statewide (which is the entire class) were allowed to take meal or rest breaks.

Plaintiffs further allege the claims of Campbell and Maldonado are "typical of all other class members' as demonstrated herein." Indeed, Federal Rule of Civil Procedure 23(a)(3) requires the claims or defenses of the representative parties to be typical of the claims or defenses of the class.

The proposed class includes "[a]ll current and former 'City Drivers' or 'Local Drivers' and employees in similar job titles, who worked for [Vitran] within the State of California [who] were not paid premium wages for working through rest and meal breaks at any time during the period of four years before the filing of this Complaint to final judgment." Thus, the class is, according to the terms pleaded by the Plaintiffs, limited to workers who missed meal and rest breaks and who were not paid for them. Accordingly, Vitran provided the district court with sufficient proof to allow the district court to estimate that the amount in controversy is more than $5 million to a legal certainty.

In sum, Plaintiffs alleged in their state court complaint that the claims of class representatives Campbell and Maldonado were "typical" of the 156 class members. During their depositions, Campbell and Maldonado testified that Vitran

8

"never" provided them with required meal or rest breaks. The evidence prepared by Vitran's experts shows that (assuming the other 154 class members had claims that were "typical" of Campbell and Maldonado) Plaintiffs' damages would, at a minimum, come to $5,295,866.30, and at a maximum come to $7,226,375.50. Plaintiffs do not dispute the accuracy of these calculations. Moreover, during oral argument, Plaintiffs' counsel was unwilling to stipulate to a damages amount no greater than $5 million. In light of these facts, Vitran has established, to a "legal certainty," that the amount in controversy exceeds $5 million.

Accordingly, we reverse the district court's order remanding this case to state court, and remand to the district court for further proceedings.

**REVERSED AND REMANDED.**