**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| P. REA; S. SADLOWSKI; D. SPERLINE; A. SARABIA, | No. 14-55008 |
| *Plaintiffs-Appellees*, | D.C. No. 8:13-cv-00455-GW-AGR |
| v. | |
| MICHAELS STORES INC., a Delaware corporation, | OPINION |
| *Defendant-Appellant*. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted
February 3, 2014—Pasadena, California

Filed February 18, 2014

Before: Andrew J. Kleinfeld, Barry G. Silverman,
and Andrew D. Hurwitz, Circuit Judges.

Per Curiam Opinion

# SUMMARY*

## Class Action Fairness Act

The panel reversed the district court's order remanding the case back to state court, and held that the Class Action Fairness Act's amount-in-controversy requirement was met.

The panel held that the action was not moot based on the state court's subsequent determination to certify the class because post-remand developments do not defeat jurisdiction that was properly invoked at the time of filing. The panel also held that the second removal of the case under the Class Action Fairness Act ("CAFA") was timely. Finally, the panel held that under the preponderance of the evidence standard, the appellant established that the potential damages could exceed CAFA's $5 million jurisdictional amount.

## COUNSEL

Jesse A. Cripps, Gibson, Dunn & Crutcher LLP, Los Angeles, California, for Defendant-Appellant.

David J. Gallo, Law Offices of David J. Gallo, Del Mar, California, for Plaintiffs-Appellees.

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

Plaintiffs brought the present action against Michaels Stores, Inc. on behalf of Michaels' California store managers, alleging that Michaels had improperly classified the managers as exempt from overtime. Michaels removed the case within 30 days to federal district court under the Class Action Fairness Act. The district court remanded the case back to state court, finding that CAFA's $5,000,000 amount-in-controversy requirement was not met because the plaintiffs expressly disclaimed any recovery for the class over $4,999,999.99.

On March 19, 2013, the Supreme Court held in *Standard Fire Insurance Co. v. Knowles* that attempted damages waivers, such as the plaintiffs', are ineffective, and will not defeat removal under CAFA. 133 S. Ct. 1345, 1347 (2013). The next day, Michaels removed again under the Class Action Fairness Act. And the district court remanded again, this time on the basis that the removal ran afoul of CAFA's 30-day time limit. The court held in the alternative that Michaels had failed to carry its burden to demonstrate that the amount in controversy exceeded $5,000,000.

Michaels appeals. We have jurisdiction under 28 U.S.C § 1453(c). We review the remand decision de novo, *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 (9th Cir. 2007), but review the district court's factual findings for clear error, Fed. R. Civ. Pro. 52(a)(6). "Under CAFA, we have 60 days from the time we accept the appeal to complete all action on such appeal, including rendering judgment." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 996 (9th Cir. 2007),

*abrogated on other grounds by Standard Fire Insurance Co.*, 133 S. Ct. 1345 (internal quotation marks omitted).

As a preliminary matter, we must consider the plaintiffs' argument that this appeal is now moot in light of post-remand developments. We have already considered this argument once before on a motion to dismiss Michaels' petition to appeal, which we denied in a two-judge order. However, "[t]he fact that the motions panel denied the . . . motion to dismiss this appeal does not free this court from the independent duty to decide whether we have jurisdiction." *United States v. Houser*, 804 F.2d 565, 568 (9th Cir. 1986) (internal quotation marks omitted).

The plaintiffs argue that after the most recent remand, the amount in controversy cannot exceed $5,000,000 for two reasons. First, they point out that a class has now been certified in state court, which they contend makes the damages waiver in their complaint binding notwithstanding *Standard Fire*. Second, they argue that the certified class is significantly smaller than the proposed class was, so much so that it could not possibly recover more than $5,000,000. We need not consider whether either of these propositions are correct, however, because the general rule is that "the amount in controversy is determined from the pleadings as they exist at the time a petition for removal is filed." *Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 545 (9th Cir. 1985). This action is not moot based on the state court's subsequent determination to certify the class because "post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing." *Visendi v. Bank of America, N.A.*, 733 F.3d 863, 868 (9th Cir. 2013) (internal quotation marks omitted).

Plaintiffs point us to a Tenth Circuit case, *Dudley-Barton v. Serv. Corp. Int'l.*, 653 F.3d 1151 (10th Cir. 2011). That decision is inapposite. There, the Tenth Circuit dismissed a CAFA appeal as moot when the plaintiffs had *dismissed* their case in state court, noting that there was "no meaningful dispute remaining between the parties." *Id.* at 1152. That is not the case here. The plaintiffs continue to claim damages for wage and hour violations against the defendant and the defendant continues to dispute them. This case is therefore not moot.

As to timeliness, Michaels did remove this case within 30 days. The removal statutes generally require a party to remove a case within 30 days of receiving the complaint. *See* 28 U.S.C. § 1446, 1453(b). The statutes provide an exception to this rule: "if the case *stated by the initial pleading* is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3) (emphasis added). Thus, we have held "that the thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 691–92 (9th Cir. 2005) (internal quotation marks omitted). We also recently held in *Roth v. CHA Hollywood Medical Center, L.P.*, that the two 30-day periods are not the exclusive periods for removal. 720 F.3d 1121, 1124–25 (9th Cir. 2013). In other words, as long as the complaint or "an amended pleading, motion, order or other paper" does not reveal that the case is removable, the 30-day

time period never starts to run and the defendant may remove at any time.

Here, the district court first remanded this case on grounds that subsequently became incorrect. Michaels removed it again the day after the Supreme Court announced its decision in *Standard Fire*. When Michaels first received the plaintiffs' complaint, it had a damage waiver, purporting to waive any recovery over $4,999,999.99, one penny shy of the jurisdictional threshold. At the time, our decision in *Lowdermilk* controlled, which had held that such damage waivers were valid and effective, unless the defendant could prove to a "legal certainty" that damages exceeded $5 million. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997–99 (9th Cir. 2007). Thus, under the controlling law at the time Michaels received the complaint, it did not "affirmatively reveal[] on its face the facts necessary for federal court jurisdiction," so the initial 30-day removal period was never triggered. *See Harris*, 425 F.3d at 691 (internal quotation marks omitted); *Roth*, 720 F.3d at 1125. Because the two thirty-day removal periods are nonexclusive under our decision in *Roth*, Michaels' second CAFA removal was timely. *See Roth*, 720 F.3d 1121, 1124–25.

Citing our decision in *Seedman v. U.S. Dist. Court for Cent. Dist. of California*, 837 F.2d 413 (9th Cir. 1988), the plaintiffs argue that the district court could not sustain a successive removal attempt based on the same grounds as the first. In *Seedman*, we interpreted the provision in 28 U.S.C. § 1447(d) stating that a remand order "is not reviewable on appeal or otherwise" as preventing the district court from considering a removal based on the same grounds as one the court had previously remanded. *Id.* at 414. *Seedman* does not dictate the result in this case because CAFA explicitly allows

review of remand orders "notwithstanding section 1447(d)[.]" *See* 28 U.S.C. § 1453(c)(1). Moreover, the Supreme Court's decision in *Standard Fire* is "a relevant change of circumstances . . . justify[ing] a reconsideration of a successive, good faith petition for removal." *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991). Thus, even if *Roth* did not control the outcome of this case, Michaels' second removal would still be proper.

In its alternative holding, the district court found that Michaels' evidence failed to demonstrate that the amount in controversy exceeded the $5,000,000 threshold. The factual findings underlying the district court's determination that removal jurisdiction exists are reviewed for clear error. *See Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002) ("[t]he district court's findings of fact relevant to subject matter jurisdiction are reviewed under the clearly erroneous standard."); 13E Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3612 (3d ed. 2009).

It is unclear which legal standard, "legal certainty" or "preponderance of evidence," the district court applied to Michaels' evidence of the amount in controversy. While the court's remand order mentioned the preponderance of the evidence standard, at the time it issued its order, the *Lowdermilk* "legal certainty" standard was still Ninth Circuit law. After the district court issued its remand decision, we held in *Rodriguez v. AT&T Mobility Services* that the *Lowdermilk* "legal certainty" test is no longer good law in light of *Standard Fire*, and that the preponderance of the evidence standard applies instead. 728 F.3d 975, 981 (9th Cir. 2013). If the district court applied the *Lowdermilk* standard, reversal would be required under *Rodriguez*. If the district

court applied the preponderance of the evidence standard, its finding that the amount-in-controversy requirement was not met was clearly erroneous. Thus, regardless of what standard the district court applied, we are required to reverse.

To prove the amount in controversy, Michaels submitted evidence that store managers work more than 45 hours a week, which would entitle them to over $5,000,000 if the plaintiffs prevailed. First, Michaels submitted a declaration from its Vice President of Field Human Resources showing that Michaels' managers were expected to work at least 45 hours a week normally, and 50 hours a week during the holiday season. Michaels also submitted a letter sent by the plaintiffs in connection with settlement negotiations where the plaintiffs valued their claim at over $5,000,000. And the named plaintiffs in this case all testified that they worked at least 45 hours each week. No evidence to the contrary was submitted.

The district court faulted Michaels for only showing that the managers were *expected* to work 45 hours or more each week rather than showing they *actually* worked that amount. But managers testified, without contradiction, that they did work 45 hours or more each week. There was no evidence that the expectation of 45 hours or more was not met. Under the preponderance of the evidence standard, Michaels established "that the potential damages could exceed the jurisdictional amount." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010). There was substantial, plausible evidence that damages at issue exceeded $5,000,000, and no evidence at all to the contrary. The district court's finding that the defendant failed to prove that the amount-in-controversy requirement was met was clearly

erroneous even under the preponderance of the evidence standard.

**REVERSED and REMANDED**.