**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COBY GOODMAN, | No. 15-55524 |
| Plaintiff - Appellee, | D.C. No. 2:14-cv-03171-JFW-RZ |
| v. | |
| WELLS FARGO BANK, N.A., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted May 4, 2015**
Pasadena, California

Before: FISHER, BEA, and FRIEDLAND, Circuit Judges.

Wells Fargo Bank, N.A., appeals the order of the district court remanding

this case to the Superior Court of California for the County of Los Angeles. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

exercise jurisdiction under 28 U.S.C. § 1453(c), vacate the district court's order, and remand for further proceedings.[1]

When Wells Fargo first attempted to remove this action to federal court under the Class Action Fairness Act (CAFA), the district court remanded the case because, under the unsettled law of this Circuit, it determined that Wells Fargo was a citizen of both California and South Dakota, thus defeating diversity. *See* 28 U.S.C. § 1332(d). After that order issued, we decided *Rouse v. Wachovia Mortg., FSB*, in which we held "a national bank is a citizen only of the state in which its main office is located." 747 F.3d 707, 709 (9th Cir. 2014). We thus concluded Wells Fargo is a citizen only of South Dakota. *Id.* Within 30 days after we issued *Rouse*, Wells Fargo again removed this action. But the district court again remanded, holding that our decision in *Rouse* was not an "order or other paper" justifying removal under 28 U.S.C. § 1446(b)(3). That was legal error.

We have held the two 30-day periods set out in § 1446 are not the exclusive periods for removal. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124–25 (9th Cir. 2013). Rather, "a defendant may remove a case from state court within thirty days of ascertaining that the action is removable under CAFA . . . ." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 2015 WL 1447217, at *1 (9th

---

[1] We review *de novo* the district court's remand order. *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012). And we **GRANT** appellee Goodman's motion for judicial notice.

Cir. Apr. 1, 2015). And it can ascertain removability from information it discovers itself, *see Roth*, 720 F.3d at 1125, or based on intervening case law, *see Rea v. Michael Stores Inc.*, 742 F.3d 1234, 1237–38 (9th Cir. 2014) (per curiam).

Here, Wells Fargo ascertained that the case was removable based on our decision in *Rouse*. Because neither the complaint nor any other paper "affirmatively reveal[ed] on its face the facts necessary for federal court jurisdiction," *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 691 (9th Cir. 2005) (internal quotation marks omitted), neither of the 30-day removal periods under § 1446 was triggered, and Wells Fargo's second CAFA removal was timely. *See Rea*, 742 F.3d at 1238. Moreover, our decision in *Rouse* is "a relevant change of circumstances . . . justify[ing] a reconsideration of a successive, good faith petition for removal." *Id.* (alterations in original) (internal quotation marks omitted) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991)).

Costs of appeal are awarded to Wells Fargo.

**VACATED and REMANDED.**