**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| RICKEY HENRY, on behalf of himself and all persons similarly situated,<br><br>      Plaintiff - Appellee,<br><br>  v.<br><br>CENTRAL FREIGHT LINES, INC.,<br><br>      Defendant - Appellant. | No.   17-15993<br><br>D.C. No. 2:16-cv-0280-JAM-EFB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted June 13, 2017
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and BATTAGLIA,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

Defendant-Appellant Central Freight Lines ("CFL") appeals the district court's order remanding this case to California state court for lack of jurisdiction under the Class Action Fairness Act ("CAFA"). At issue here is whether CFL carried its burden of establishing that CAFA's amount-in-controversy requirement is satisfied. 28 U.S.C. § 1332(d)(2). We have jurisdiction pursuant to 28 U.S.C. § 1453(c)(1), and we reverse and remand.

CFL is a company that provides transportation services in North America. Henry worked for CFL as a truck driver from April 2014 to February 2015. Henry contends that CFL misclassified him, as well as all other truck drivers during the class period, as independent contractors.

In the operative complaint, Henry seeks to represent "all individuals who worked for [CFL] in California as Truck Drivers and who were classified by [CFL] as independent contractors [] at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court . . . ." Accordingly, the only limits on the class that are explicitly stated in the complaint are that class members (1) worked in California for CFL (2) as a truck driver (3) during the four years preceding the complaint's filing and (4) were classified as an independent contractor.

In post-removal proceedings, Henry asserted that the class is comprised of only California residents who drove in California and seeks reimbursement only for

2

work performed in California. However, the complaint itself does not contain these limitations. It is axiomatic that "whether remand is proper must be ascertained on the basis of the pleadings at the time of removal." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017). Henry's post-removal change to the complaint was not merely a clarification, but instead was an amendment that altered the scope of the class itself. As such, Henry's post-removal amendment does not affect the district court's jurisdiction.

In the complaint, Henry seeks, among other things, reimbursement for "all costs and expenses of owning and/or leasing, repairing, maintaining, and fueling the trucks and vehicles [that the truck drivers] drove while conducting work for [CFL] in violation of California Labor Code Section 2802." In opposing Henry's motion to remand, CFL provided evidence of the amount that California-resident truck drivers paid in "lease-related payments."

In support of remand, Henry argued that lease payments cannot be considered for purposes of the amount in controversy because they are not recoverable as a matter of law. However, "[t]he amount in controversy is simply an estimate of the total amount in dispute," *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010), and is a concept distinct from "the amount of damages ultimately recoverable[,]" *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015). In determining the amount in controversy, the Court accepts the allegations

3

contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim. *See, e.g.*, *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012). The complaint states multiple times that Henry seeks reimbursement for "all costs and expenses of . . . leasing" the trucks. As such, lease-related payments have been placed into controversy and are properly considered for purposes of CAFA jurisdiction. *See LaCross*, 775 F.3d at 1202–03 (reversing district court's remand order, noting that "[w]ere plaintiffs to succeed on their claim that they are employees, Knight will need to reimburse them for expenditures related to the ownership and operation of their trucks, including lease-related costs and fuel costs").

Reviewing the district court's remand order *de novo*, *id.* at 1203, we conclude that CFL has produced sufficient evidence to establish by a preponderance of the evidence that the amount in controversy exceeds $5 million. CFL provided a declaration from Todd Militzer, CFL's Vice President and Chief Financial Officer. Militzer attested that during the class period, independent-owner truck drivers who provided a California address as his or her primary residence and worked in California paid more than $2,250,000 in lease-related payments and more than $7,450,000 in deductions for fuel. The Militzer declaration is sufficient to carry CFL's burden. We therefore reverse and remand with the instruction to the District Court that CFL has established CAFA jurisdiction.

4

**REVERSED and REMANDED.**