**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| DUNCAN K. ROBERTSON, | No. 14-35672 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-02017-MJP |
| v. | MEMORANDUM* |
| GMAC MORTGAGE, LLC, et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Submitted August 16, 2017**
Seattle, Washington

Before: HAWKINS and TALLMAN, Circuit Judges, and LEFKOW,*** Senior
District Judge.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The panel unanimously finds this case suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2)(C).

*** The Honorable Joan H. Lefkow, Senior United States District Judge for
the Northern District of Illinois, sitting by designation.

This case comes back following our remand to the district court. Duncan K. Robertson owns real property subject to a deed of trust ("the Nicholls DOT"). The obligor on the Nicholls DOT defaulted, triggering a non-judicial foreclosure by the trustee on behalf of the beneficiary of the Nicholls DOT. Over a period of nearly two years, Robertson successfully resisted several scheduled trustee sales while endeavoring to identify the correct trustee and beneficiary of the Nicholls DOT (which had been transferred more than once), as he intended to pay off the deficiency and improve the property for sale and profit. Ultimately, the beneficial interest in the Nicholls DOT was purportedly transferred to Residential Funding Real Estate Holdings, LLC ("RFREH"), and the trustee, LSI Title Agency, Inc. ("LSI"),[1] issued a notice of foreclosure sale on RFREH's behalf. That sale did not occur and, as far as the record reflects, neither has a resolution of the payoff amount been reached nor the sale gone forward. Robertson alleges that the cloud on his title has prevented him from improving and selling the property.

Robertson filed suit to quiet title to the property in Washington state superior court, naming as defendants LSI, Bank One, N.A. and its successor in interest J.P

[1] Since March 2014, LSI has been doing business as ServiceLink Title Agency, Inc. For simplicity, we will refer to LSI by its name at the time this suit was filed in 2012.

2

Morgan Chase Bank, N.A. (collectively, "Chase"), Bank of New York Mellon Trust Co., N.A. ("BNY"), First American Title Insurance Co., and several other entities that claimed some interest in the Nicholls DOT,[2] either as a beneficiary of the promissory note or as trustee. Robertson alleged violations of state law, including the Washington Deed of Trust Act ("DTA") and Consumer Protection Act ("CPA"), and sought declaratory judgment to void the Nicholls DOT, as well as injunctive relief and damages. The district court either dismissed or entered summary judgment in favor of the defendants on almost all of Robertson's claims.[3] The district court entered final judgment pursuant to Federal Rule of Civil Procedure 54(b), and Robertson appealed.

After oral argument, we remanded to the district court to determine whether it had jurisdiction based on diversity of citizenship. The district court so concluded and we now can determine the merits of Robertson's appeal. Robertson continues to challenge the district court's jurisdiction as to LSI and BNY and its dismissal of

---

[2] Those entities included RFREH, GMAC Mortgage, LLC, Executive Trustee Services, LLC, Residential Funding Corp., Residential Funding Co., LLC, and Homecomings Financial, LLC ("the GMAC defendants").

[3] Robertson's remaining claims against the GMAC defendants were stayed under 11 U.S.C. § 362(a)(1) pending those defendants' chapter 11 bankruptcy proceeding in the Southern District of New York. Those claims are not before us.

his DTA and CPA claims. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. We review de novo a district court's order denying a motion to remand to state court for lack of removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A district court's factual findings regarding domicile or citizenship, however, are reviewed for clear error. *See Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237 (9th Cir. 2014) (per curiam) (citing Fed. R. Civ. P. 52(a)(6)). Clear error requires a "definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotation marks omitted).

Robertson contends that LSI was a home-forum defendant, defeating removal under 28 U.S.C. § 1441(b)(2). Robertson relies on LSI's representation on its regulatory filings with Washington's Office of the Insurance Commissioner ("OIC") that its "business address" was in Bellevue, Washington. After an evidentiary hearing, the district court rejected this argument. First, the relevant Washington regulatory code, which requires title insurance agents that wish to be treated as resident agents to maintain a lawfully-established place of business in the state, says nothing regarding such an agent's principal place of business. *See*

Wash. Rev. Code § 48.17.090(4)(b). Second, an OIC compliance officer testified that her use of the term "principal place of business" in her declaration submitted by Robertson simply referred to the licensee's primary physical address within the state of Washington, not to its national headquarters.

The district court determined that LSI's principal place of business at the time of removal was California, based on evidence provided by LSI that showed that its key executives, including its president, were located in California at the time of removal. The court found that the corporation's "nerve center" was in California, making it a citizen of California. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010) (defining a corporation's principal place of business as its "nerve center," the place from which the corporation's high level officers direct, control, and coordinate the corporation's activities). The district court's finding that LSI was not a home-forum defendant was not clear error; thus, it committed no error in denying Robertson's motions to remand to the state superior court.[4]

---

[4] Robertson's argument that the district court lacked jurisdiction under 28 U.S.C. § 1359 because the defendants-appellees colluded to deceive the court regarding BNY's citizenship also fails. Even if BNY were a citizen of Florida, as defendants initially pleaded in the notice of removal, and not California, as defendants asserted during remand proceedings, complete diversity would still exist relative to Robertson, a citizen of Oregon. Robertson thus cannot show that defendants took any action "to invoke the jurisdiction" of the district court. *See* 28 U.S.C. § 1359. Also unavailing is Robertson's argument that BNY should be

2.     We review de novo a district court's orders dismissing for failure to state a claim and granting summary judgment. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We may affirm dismissal on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

Robertson contends that the district court erred in dismissing his declaratory judgment action for violations of the DTA against Chase and BNY based on lack of standing to sue to enforce its protections. Because we find that the district court should have dismissed this claim for lack of a justiciable case or controversy, rather than lack of statutory standing, we do not reach whether Robertson has standing under the DTA.[5] If no justiciable controversy exists, then the court lacks

---

estopped from denying the "jurisdictional fact" that it is a citizen of Florida as it originally contended. A party's citizenship cannot be stipulated to or admitted by a party if it is not accurate. *Cf. Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 n.21 (1978).

[5] Although the district court applied the Washington Uniform Declaratory Judgment Act ("UDJA"), Wash. Rev. Code § 7.24.010, in the proceedings below, we apply the federal Declaratory Judgment Act, 28 U.S.C. § 2201, when sitting in diversity. *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 753 (9th Cir. 1996), *overruled on other grounds by Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998). Analyzing Robertson's claim under the UDJA, however, would not alter our conclusion that he has not alleged a justiciable case or controversy.

subject-matter jurisdiction and must dismiss under Federal Rule of Civil Procedure 12(b)(1).[6]

Robertson's complaint does not allege a controversy between himself and either Chase or BNY. The DTA serves to protect interested parties from wrongful non-judicial foreclosure sales. *Frias v. Asset Foreclosure Servs., Inc.*, 334 P.3d 529, 537 (Wash. 2014). If a foreclosure sale has not yet occurred, the DTA allows interested parties to restrain the sale, Wash. Rev. Code § 61.24.130(1), or pay the trustee the amount due under the deed of trust, Wash. Rev. Code § 61.24.090(1), but the DTA does not create a damages remedy, *Frias*, 334 P.3d at 533. Here, Robertson has not alleged that Chase and BNY continue to claim an interest in the property encumbered by the Nicholls DOT. Neither Chase nor BNY has threatened Robertson, explicitly or implicitly, to foreclose on the property. Therefore, under the DTA, Robertson and Chase and BNY do not have "adverse legal interests" to warrant rendering declaratory relief. *See Shell Gulf of Mex. Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014). Because no

---

[6] In his opening brief Robertson argues in passing that such a dismissal of his declaratory judgment claim requires that the entire case be remanded pursuant 28 U.S.C. § 1447(c). That is incorrect. *See Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1006 (9th Cir. 2001) (citing *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998)) (holding that remand under § 1447(c) is only required "if subject-matter jurisdiction is lacking over the entire case, and not over just some of the plaintiff's claims").

justiciable case or controversy between Robertson, Chase, and BNY exists, we dismiss Robertson's claims under the DTA for lack of subject matter jurisdiction.

3.    To prove a claim for violation of the CPA, a plaintiff must establish an "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) [and] causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). The district court found that Robertson failed to establish the first, third, fourth, and fifth elements as to all defendants-appellees.[7]

The injuries Robertson asserts in his Complaint are clouding title to his property, which is causing its value to diminish, and loss of use, including lost revenue from sale, rental, or development.[8] Robertson has not explained, however, how LSI's allegedly deceptive practices in particular caused his injuries. And, as the district court noted, the cloud on his title and his limited ability to sell, rent, or

---

[7] Because Robertson did not "distinctly raise[] and argue[]" dismissal of his CPA claims against defendants other than LSI in his opening brief, we consider these arguments waived. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

[8] Robertson additionally lists as injuries pecuniary losses from liquidating assets and taking loans in anticipation of paying off the Nicholls DOT as well as loss of appreciation value of the liquidated securities, but these injuries are explicitly attributed to the actions of defendants that are not participating in this appeal.

develop the property resulted from his purchasing the property subject to a first-position deed of trust. Thus, these injuries cannot reasonably be attributed to LSI. *See Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 170 P.3d 10, 21 (Wash. 2007) (holding that, to satisfy the causation element, a CPA plaintiff must "establish that but for the defendant's unfair or deceptive act or practice the plaintiff's injury would not have occurred").

4.     We review for abuse of discretion denial of leave to amend a complaint. *Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014). A district court does not abuse its discretion by denying leave where the proposed amendment would be futile. *See id.* at 1076.

The district court denied the motion to amend because it found that Robertson's proposed amendments, which included correcting typos, adding defendants, supplementing his emotional distress allegations, and adding judicial notice of public records and court cases, would not avoid dismissal of the claims against LSI. The district court did not abuse its discretion.

**AFFIRMED**. Each party shall bear its own costs of this appeal.